346 So.2d 686 (1977)
STATE of Louisiana
v.
Milton O'BLANC and Emery LeJeune.
No. 58846.
Supreme Court of Louisiana.
May 16, 1977.
Rehearing Denied June 17, 1977.
*688 Robert F. DeJean, Sr., DeJean & DeJean, Opelousas, Emile A. Carmouche, Jr., Crowley, Patrick C. Morrow, Morrow & Morrow, Opelousas, for defendants-appellants.
William J. Guste, Jr., Atty. Gen., Walter L. Smith, Jr., Barbara Rutledge, L. J. Hymel, Jr., Asst. Attys. Gen., for plaintiff-appellee.
MARCUS, Justice.
Milton O'Blanc and Emery LeJeune were jointly indicted by the grand jury of St. Landry Parish on one count of conspiracy to distribute controlled dangerous substances, to-wit: biphetamine, glutethimide and pentobarbitol (crimes defined in La.R.S. 40:967 and 968), in violation of La.R.S. 14:26, and three separate counts of distribution with each count charging distribution of one of the aforesaid controlled substances. After a joint trial by jury, defendants were found guilty of count one (conspiracy to distribute controlled dangerous substances) and not guilty as to the other three counts of distribution. Subsequently, defendants were sentenced to serve five years imprisonment at hard labor. On appeal, defendants rely on seven assignments of error for reversal of their convictions and sentences.

ASSIGNMENT OF ERROR NO. 1
Defendants assign as error the failure of the trial court to compel responses to certain requests for information contained in their bill of particulars which related to the purpose of the alleged conspiracy to distribute controlled dangerous substances. In assigning reasons for his ruling, the trial judge stated that the information sought by defendants was irrelevant to the offense with which they were charged and was not necessary to set up more specifically the nature and cause of the charge against them.
Defendants were accused of conspiring with one Sylvia Marcotte to distribute controlled substances to Homer Guillory, an investigator with the district attorney's office. The avowed aim of the conspiracy was to discredit Guillory's credibility by surreptitiously "planting" the pills in his car *689 without his knowledge. In furtherance of the scheme, defendants contacted Sylvia Marcotte in November, 1975, to enlist her aid in the venture. Miss Marcotte agreed to cooperate and subsequently placed the pills in Guillory's car.
In their bill of particulars, defendants requested information as to whether it was the state's contention that the purpose of the alleged conspiracy was to distribute controlled substances or to frame Guillory by placing the pills in his vehicle. Defendants contend that this information was necessary to their defense that there was no specific intent to distribute controlled substances, an essential element of the offense of conspiracy to distribute controlled dangerous substances, but only to discredit Guillory. Additionally, information was sought as to the purpose of the November meeting between defendants and Sylvia Marcotte.
The function of a bill of particulars is to inform a defendant more specifically of the nature and cause of the charge against him. La.Code Crim.P. art. 484; State v. Jones, 332 So.2d 466 (La.1976); State v. Monk, 315 So.2d 727 (La.1975); State v. Nance, 315 So.2d 695 (La.1975). However, the bill of particulars cannot be used as a device to secure the details of the state's evidence or to burden the state with requests for information unrelated to the nature and cause of the charge. State v. Devore, 309 So.2d 325 (La.1975); State v. Rose, 271 So.2d 863 (La.1973).
The information requested by defendants in their bill of particulars is of no relevance with respect to the offense with which they are charged. The fact that the true motive of the conspiracy was to discredit Guillory, with the distribution of the controlled substances being merely the method of effectuating the main design, has no bearing on the right of the state to prosecute defendants for the crime of conspiracy to distribute controlled dangerous substances. Nor was the information as to the purpose of the meeting between defendants and Miss Marcotte necessary to inform defendants of the nature and cause of the charge against them. The indictment, as implemented by answers of the state to defendants' bill of particulars, clearly sets forth that the meeting among the parties was for the purpose of conspiring to distribute controlled dangerous substances to Homer Guillory. Since defendants were sufficiently apprised of the nature and cause of the charge against them, the requests for information were properly denied.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendants contend that the trial court erred in denying their motion to quash the indictment. They allege that the indictment was defective for several reasons, most important of which is that it improperly charged them with conspiracy to distribute controlled substances under La.R.S. 14:26 rather than with conspiracy under La.R.S. 40:979. It is their contention that a charge of conspiracy to distribute controlled dangerous substances must be brought under the latter provision since it is the special statutory provision which governs conspiracy in relation to violations of the Uniform Controlled Dangerous Substances Law. Failure to so charge them, they argue, renders the indictment fatally defective. In denying the motion to quash, the trial judge ruled that La.R.S. 40:979 was not exclusive and hence prosecution could be maintained under La.R.S. 14:26.
La.R.S. 40:979, a provision of the Uniform Controlled Dangerous Substances Law, states:
Any person who attempts or conspires to commit any offense denounced and/or made unlawful by the provisions of this part shall, upon conviction, be fined or imprisoned in the same manner as for the offense planned or attempted, but such fine or imprisonment shall not exceed one-half of the punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
In pertinent part, La.R.S. 14:26 provides:

*690 Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing any crime; provided that an agreement or combination to commit a crime shall not amount to a criminal conspiracy unless, in addition to such agreement or combination, one or more of such parties does an act in furtherance of the object of the agreement or combination.
. . . . .
Whoever is a party to a criminal conspiracy to commit any other crime shall be fined or imprisoned, or both, in the same manner as for the offense contemplated by the conspirators; but such fine or imprisonment shall not exceed one-half of the largest fine, or one-half the longest term of imprisonment prescribed for such offense, or both.
(Emphasis added.)
The import of the statute is clearly to punish a conspiracy to commit any crime as defined in La.R.S. 14:7:
A crime is that conduct which is defined as criminal in this Code, or in other acts of the legislature, or in the constitution of this state. (Emphasis added.)
The distribution of controlled dangerous substances has been defined as criminal by the legislature in La.R.S. 40:967 and 968. It therefore follows that a conspiracy to commit these crimes is punishable under La.R.S. 14:26 as well as under La.R.S. 40:979.
Furthermore, La.R.S. 14:4 provides:
Prosecution may proceed under either provision, in the discretion of the district attorney, whenever an offender's conduct is:
(1) Criminal according to a general article of this Code or Section of this Chapter of the Revised Statutes and also according to a special article of this Code or Section of this Chapter of the Revised Statutes; or
(2) Criminal according to an article of the Code or Section of this Chapter of the Revised Statutes and also according to some other provision of the Revised Statutes, some special statute, or some constitutional provision.
Pursuant to this section, the district attorney is vested with the discretion to elect to proceed under either a general criminal provision or a special criminal provision.
Moreover, both statutes specify the same penalty for the crime of conspiracy to distribute controlled dangerous substances, that is, one-half of the punishment prescribed for the offense contemplated by the conspirators. In light of this fact, defendants can claim no prejudice in being charged under the general rather than the special criminal statute.
For the aforementioned reasons, defendants' claim that the indictment contained an improper charge is unfounded.
Additional attacks as to the form and the content of the indictment are asserted by defendants. La.Code Crim.P. art. 464 states:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
A review of the indictment does not reveal any defect as to its form or content. The essential elements of the conspiracy were alleged in plain and concise terms in the first count. The indictment was therefore legally sufficient.
Other attacks on the indictment are based on the contention that the only act which defendants specifically intended to commit was that of discrediting Guillory. It is therefore argued that a prosecution for conspiracy to distribute controlled substances cannot be maintained since there was no specific intent to distribute. For the reasons stated in Assignment of Error No. 1, this contention lacks substance.
*691 In sum, Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendants contend that the trial judge erred in denying their motion to quash grounded on the allegation that the results of polygraph tests were improperly presented to the grand jury.[1] On the other hand, the state contends that, since defendants knowingly and intelligently waived their rights against self-incrimination in the grand jury proceeding and voluntarily submitted to the polygraph examinations after conferring with counsel, the results of the examinations were properly presented to the grand jury.
La.Code Crim.P. art. 442 provides in pertinent part:
. . . . .
A grand jury should receive only legal evidence and such as is given by witnesses produced, or furnished by documents and other physical evidence. However, no indictment shall be quashed or conviction reversed on the ground that the indictment was based, in whole or in part, on illegal evidence, or on the ground that the grand jury has violated a provision of this article. (Emphasis added.)
We need not decide whether the submission of the results of the polygraph examinations to the grand jury was or was not proper under the present circumstances, as the above provision clearly states that no indictment will be quashed nor conviction reversed on the ground that the indictment was based, in whole or in part, on illegal evidence. Therefore, regardless of whether the results of the polygraph examinations were proper evidence for consideration by the grand jury or not, the submission of the findings to the grand jury is not a basis upon which defendants may be afforded relief. Hence, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendants contend that the trial judge erred in denying their motion in arrest of judgment and/or for a new trial on certain grounds previously considered in Assignments of Error Nos. 1 and 2. For the reasons assigned therein, Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendants contend that the trial judge erred in permitting their co-conspirator, Sylvia Marcotte, to testify as to acts and conversations which occurred after she had placed the controlled substances in Guillory's vehicle. This contention is raised for the first time on appeal. A review of Sylvia Marcotte's testimony at trial reveals no objection on this ground. The only objections made during her entire testimony were on the grounds of hearsay and leading questions, and these objections were properly sustained or overruled. Article 841 of the Code of Criminal Procedure provides that an error or irregularity cannot be availed of after verdict unless it was objected to at the time of the occurrence. In accordance therewith, we have consistently held that an objection not contemporaneously raised in the lower court or ruled on by the trial judge cannot be availed of on appeal. State v. Williams, 343 So.2d 1026 (La.1977); State v. Finley, 341 So.2d 381 (La.1976); State v. Phanor, 325 So.2d 579 (La.1976); State v. Knight, 323 So.2d 765 (La.1975); State v. Burgy, 320 So.2d 175 (La.1975). Moreover, article 841 also provides that defendant make known to the court the ground for his objection. Accordingly, a new basis for an objection cannot be raised for the first time on appeal. State v. Williams, supra; State v. Marks, 337 So.2d 1177 (La.1976); State v. Powell, 325 So.2d 791 (La.1976); State v. Forbes, 310 So.2d 569 (La.1975). Hence, defendants' *692 contention that the trial judge erred in permitting their co-conspirator to testify as to acts and conversations after the conspiracy was allegedly ended is not properly before us for review.
Defendants also contend that the trial judge improperly permitted two police officers to testify as to events which occurred subsequent to the placing of the pills in Guillory's car. Objections to this testimony on the grounds of hearsay and leading questions were asserted by defendants. After a thorough review of the testimony, we find no error in the rulings of the trial judge.
In sum, this assignment of error is without merit.

ASSIGNMENT OF ERROR No. 6
Defendants contend that the trial judge erred in denying their motion in arrest of judgment and/or for a new trial on the ground that the foreman of the petit jury had been previously charged with possession of marijuana and this fact was not called to the attention of defense counsel "until the period of deliberation by the petit jury." Defendants argue that this placed the foreman in an "emotional predicament of compliance and rendering his answers on the `voir dire' subject to the pressure under which he was laboring."
First, no showing was made that the foreman of the petit jury was in fact charged with possession of marijuana. Secondly, the alleged charge of possession of marijuana may or may not be an "indictment for a felony" disqualifying him to serve as a juror under La.Code Crim.P. art. 401 depending upon whether he had any prior convictions for violation of subsection C of La.R.S. 40:966. In any event, to warrant a new trial, a defendant must show the exercise of reasonable diligence to discover the disqualification before verdict. La. Code Crim.P. arts. 851(4), 855. In the instant case, defendants apparently, by their own admission, had knowledge of this fact at the time of deliberation by the jury but did not object or move for a mistrial prior to verdict. Rather, their first objection was asserted in their motion in arrest of judgment and/or for a new trial. Moreover, this court has held that when the disqualification of a juror is relied upon as a basis for a new trial, defendant must show that he questioned the juror on voir dire examination concerning the subject and that the juror failed to disclose the relevant facts. Such a showing is essential to satisfy the requirement of reasonable diligence. State v. Hall, 255 La. 854, 233 So.2d 541 (1970). State v. Clark, 231 La. 807, 93 So.2d 13 (1957). The record does not reveal that defendants questioned this prospective juror during voir dire examination on the subject of the present complaint.
Assignment of Error No. 6 is without merit.

ASSIGNMENT OF ERROR NO. 7
Defendants contend that the prosecution committed reversible error by referring during the cross-examination of defendant Milton O'Blanc to his testimony before the grand jury. The reference was made for the purpose of impeaching his testimony at trial by establishing a prior inconsistent statement before the grand jury.
The context facts are as follows. O'Blanc had testified that, during the course of his investigation of Homer Guillory, he had interviewed Mrs. Guillory, who was separated from her husband, and that he was driving a blue Ford, which he had recently rented, at the time. In view of prior testimony that he had been driving a green Ford during the course of the alleged conspiracy, O'Blanc was questioned by the state as to his reason for turning the blue car in for a green one. O'Blanc replied that he had done this shortly after his interview with Mrs. Guillory in order to obtain a later model. The witness denied that he had exchanged the vehicles because of the fact that Mrs. Guillory had reported the license plate number of the blue car to Mr. Guillory who was looking for him. O'Blanc also replied in the negative to a question as to whether he had made a previous statement before the grand jury that he "turned in *693 the car because you got burnt." The district attorney then handed the witness a copy of the transcript for the purpose of refreshing his memory. The witness was then asked whether he now recalled making the statement previously referred to before the grand jury. At this point, defense counsel for the first time intervened and stated:
. . . [C]ounsel for the defense has no objection to answering that one question, but if it is going to be used for any other purpose than showing perjury, I am going to ask the court to go into this whole matter and give us a chance to review his testimony in the Grand Jury. So the question is, he can answer that question but if it goes any further I am going to object to it.
The jury was excused from the courtroom. Defendants requested that a copy of the transcript be made available to them and that the court rule on the admissibility of the testimony of this witness before the grand jury. The court ruled that the state could ask the previous question but could go no further. The court also permitted defendants to examine the transcript. Defendants then moved for a mistrial because of the reference to the testimony of this witness before the grand jury. The motion was denied. When the jury was returned to the courtroom, the witness was questioned on the single statement previously referred to before the grand jury and thereafter no further reference to testimony before the grand jury was made during the course of the trial.
This court has previously held that the law makes the proceedings of the grand jury secret, and testimony taken before the grand jury cannot be used in a trial, other than a prosecution for perjury. The purpose of this rule is not to protect a defendant or witness at a subsequent trial, but to encourage the free disclosure of information about crime. La.Code Crim.P. arts. 431, 434, 440, 441; State v. Ivy, 307 So.2d 587 (La.1975); State v. Terrebonne, 256 La. 385, 236 So.2d 773 (1970). However, it is not every error that requires a reversal of the conviction. La.Code Crim.P. art. 921.
First, we consider that defendants waived their right to complain about the alleged error by not objecting at the time of the occurrence, La.Code Crim.P. art. 841, and by defense counsel's statement that he had no objection to the witness answering the one question and that he would only object if the matter was further inquired into. As a matter of fact, the witness answered only that one question and the matter was not further pursued.
Even assuming that defendants did not waive the error resulting from the prosecutor's reference to the witness' testimony before the grand jury, we do not consider that the error was prejudicial to the substantial rights of the accused. The evidence of guilt which included the testimony of a co-conspirator was substantial. The reference to the testimony given before the grand jury related only to a single statement involving an innocuous point which had no bearing on defendants' guilt or innocence and thereafter no further mention was made of the prior testimony. Moreover, defendants were afforded an opportunity to examine the transcript of the grand jury proceedings. Under these circumstances, there was no reversible error. La. Code Crim.P. art. 921. In sum, this assignment of error lacks merit.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
DENNIS, J., concurs disagreeing with treatment of assignment No. 5.
NOTES
[1] Defendants further allege that an agreement existed with the district attorney's office that they would not be prosecuted on the charges if they passed the polygraph examinations. No evidence of this agreement or the results of the examinations appear in the record. Moreover, the state specifically denies the existence of any such agreement. In any event, defendants are not precluded from attempting to assert this contention in a post-conviction proceeding.