KLEES, Judge.
The defendant was convicted of possession of a firearm by a convicted felon in violation of R.S. 14:95.1. He appeals this conviction claiming the trial court erred in allowing certain testimony to be introduced, despite the fact that the information contained in the testimony was not revealed to him in response to a proper discovery motion.
The defendant, Angel Gonzales, was observed by two New Orleans Police Officers holding a hand gun. As the defendant allegedly noticed the policemen, he lifted his shirt and placed the gun in his waistband. The officers approached the defendant and ordered him to place his hands on their car. While searching the defendant, they found the gun. The defendant pushed one of the officers aside and escaped in his car. This l'esulted in a chase which ended when the defendant's car struck a fire hydrant. The defendant was apprehended at this time. Several bullets fitting the gun in the possession of the defendant were found in the defendant’s pocket.
During the defendant’s jury trial, the State presented several police officers who related the above events. The defendant presented several witnesses who testified that the gun belonged to a friend of the defendant. They claimed the defendant’s friend borrowed his car and placed the gun in the car at this time. The defendant took the stand and denied having the gun on his person and knowing it was in the car. During the State’s cross-examination of the defendant, the following took place:
EXAMINATION BY MR. SPINUZZA:
Q. Did you — Do you remember being with Officer Sherman, the third officer at Charity Hospital?
A. Yes, I remember.
Q. Do you remember threatening to kill him if you had your gun?
(INTERPRETED)
BY MR. WILLIAMS:
A. He said, that is a lie.
Q. You never did that?
A. Never did that.
Q. You never said if I had my pistol I would shoot you officer?
(INTERPRETED)
BY MR. WILLIAMS:
A. He said, it is a lie.
During the State’s case in rebuttal, the State recalled Officer Sherman who testified as follows:
Q. At anytime during that whole series of stops did Angel Gonzales threaten your life?
BY MR. NETTERVILLE:
Objection. It is clearly a collateral matter. It has nothing to do with 14:95.1.
BY THE COURT:
Overruled your objection.
BY MR. NETTERVILLE:
Please note my objection.
EXAMINATION BY MR. SPINUZZA:
Q. Answer the question, Officer Sherman. Was your life threatened by Angel Gonzales?
A. Yes, sir. He made the statement to me that he didn’t like the way that he was being treated and that if he had his gun he would kill me and he wouldn’t be treated like that.
Q. No further questions.
The defendant argues that the trial court erred in allowing the State to introduce this testimony because the contents of this statement were not disclosed to the defense in response to a discovery request in accordance with Louisiana Code of Criminal Procedure Article 716(B). This article provides that:
*826 Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information as to when, where and to whom such oral confession or statement was made. (Emphasis added).
The phrase “intends to offer in evidence at the trial” has not been interpreted in our jurisprudence. However, a similar phrase from a similar code article was interpreted by our Supreme Court in State v. Pool, 361 So.2d 1202 (La.1978). This case dealt with Article 719 which requires the state to allow the defendant to inspect or copy any results or reports of physical or mental examinations and of scientific tests or experiments “intended for use at trial”. In Pool, the Court held that introduction of evidence brought out on cross-examination by the defense and expounded upon by the State during redirect was not reversible error because the state had not intended to use it as evidence at the trial within the meaning of Article 719. The Court felt that the fact that this information was not brought out by the State on direct examination and had not mentioned it in their opening statement proved the State had “no intent to use the evidence at trial”.
In State v. Amadee, 408 So.2d 1259 (La.1982) the Court reiterated this interpretation of the phrase. Here, the State offered evidence of a drug test of the victim during its case in rebuttal to counter the defendant’s claim that the victim was “on something”. The Court stated “the rebuttal testimony here was not intended for use at trial within the contemplation of the statute.”
We conclude that the facts in the case at bar are similar to Pool and Amadee. The testimony of Officer Sherman was introduced to rebut the defendant’s testimony that the gun was not.his. The State did not intend to offer this statement into evidence at the trial within the meaning of Article 716(B).
The record was carefully reviewed for errors patent. None were found.
For the above stated reasons, defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.