435 So.2d 1128 (1983)
STATE of Louisiana
v.
Bernice KIBODEAUX.
No. 82 KA 1128.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Rehearing Denied August 23, 1983.
*1129 Dixie C. Brown, Asst. Dist. Atty., Houma, for State of La.
James A. Wood, Baton Rouge, for Bernice Kibodeaux.
Before PONDER, SAVOIE and CRAIN, JJ.
CRAIN, Judge.
Defendant, Bernice D. Kibodeaux, was charged by bill of information with possession with the intent to distribute a controlled dangerous substance, to wit: fifty (50) pounds of marijuana, in violation of LSA-R.S. 40:966 A(1). Defendant initially pled not guilty. Following the denial of defendant's motion to suppress evidence and for the return of seized property, defendant took writs to the Supreme Court which were denied. Defendant then changed her plea to guilty, reserving the right to appeal. Defendant was sentenced to two (2) years at hard labor. She now appeals her conviction and sentence.
The appellant lists the following assignments of error:
1. The evidence confiscated in this case was the product of an unconstitutional search and seizure and therefore should be suppressed.
2. LSA-R.S. 40:962 is unconstitutional, particularly LSA-R.S. 40:962 B, and the state has failed to introduce evidence as to the constitutionality of the statute.
3. LSA-R.S. 40:966 is unconstitutional because of vagueness and because it allows the district attorney to have the sentencing prerogative.

BACKGROUND
Uncontradicted testimony received at the hearing on defendant's motion to suppress establishes the following sequence of events. At approximately 11:20 p.m., September 22, 1981, defendant entered the Airport Lounge in Terrebonne Parish. She was approached at the bar by a man known as "Robert" and a woman who identified herself to defendant as "Dee". Robert initiated the conversation with defendant, inquiring about marijuana, whereupon Bernice put her car keys on the bar, telling Robert and Dee that she had fifty pounds of marijuana in the trunk of the car and for them to "take a ride, sample it, and if you like it, we'll do business". Dee picked up the car keys and, together with Robert and another male identified as Wolfson, left the lounge and drove defendant's car to the Houma airport. They stopped the car, got out, opened the trunk and found a bale wrapped in a large green opaque trash bag and bound with tape. Dee cut a hole in the bale and took out a sample. She determined that it was marijuana, as defendant had said. They closed the trunk of the car *1130 and returned in the car to the lounge, where they had a drink with defendant. Defendant then asked Dee if they were ready to do business. Defendant, Dee, Robert and Wolfson left the lounge and approached defendant's car. When the four had entered the car, with defendant holding the car keys in her hand, defendant's car was surrounded by vehicles from the Jefferson Parish and Terrebonne Parish Sheriffs' Departments. A deputy sheriff from Jefferson Parish and Detective Sergeant Douglas Modrynsi of the Terrebonne Parish Sheriff's Department approached. The deputy sheriff took the keys from defendant's hand, opened the car trunk, reached in and took a little bit of marijuana from the opened part of the bale, then arrested defendant and advised her of her rights. Dee, Robert and Wolfson were also arrested. Defendant's car was impounded and the bale seized as evidence.
It was further established by uncontested testimony of Dee and Detective Sergeant Douglas Modrynsi that Dee and Wolfson were narcotics agents with the Terrebonne Sheriff's Department who had been requested by the Sheriff of Jefferson Parish to assist in a narcotics deal that was set up in Terrebonne Parish. Throughout the operation, Officer Modrynsi and his partner had been watching in a stationary automobile surveillance unit while other agents from Jefferson Parish were observing in moving units. On a prearranged signal, the officers moved in when it appeared defendant was about to leave the scene in her automobile, taking with her the contraband.
ASSIGNMENT OF ERROR NO. 1:
Defendant urges the search of defendant's vehicle and the resulting seizure of a bale of marijuana were illegal and unconstitutional and therefore, the illegally seized evidence should have been suppressed. An immediate warrantless search of an automobile is constitutionally permissible under the "automobile emergency exception" to the prohibition against warrantless searches if there is a probable cause to believe the vehicle contains contraband, the automobile is movable, there is a possibility of the occupants being alerted before a warrant can be procured, and contents of the automobile may never be found again if a warrant must be obtained. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); State v. Guzman, 362 So.2d 744 (La.1978), cert. denied, 443 U.S. 912, 99 S.Ct. 3103, 61 L.Ed.2d 876 (1978). See, e.g. State v. Cunningham, 412 So.2d 1329 (La.1982); also State v. Hernandez, 408 So.2d 911 (La.1981), cert. denied, ___ U.S. ___, 103 S.Ct. 90, 74 L.Ed.2d 83 (1982).
When the narcotics agent, "Dee", found the marijuana in defendant's car trunk, this discovery was passed on to the various surveillance units, along with the information that the agents were driving the car containing the marijuana back to the lounge to talk about the price. Probable cause was established at this point sufficient for the obtaining of a search warrant. However, the situation became exigent when defendant exited the lounge with her car keys in her hand and entered her vehicle. The possibility of defendant driving away and disposing of the contraband became a real one. Consequently, we find that probable cause for search of defendant's automobile existed together with exigent circumstances justifying a warrantless search.
As pointed out by the trial judge in his reasons for judgment on defendant's motion to suppress, defendant seems to object to both the original "search" of defendant's car pursuant to defendant's permission and consent, resulting in the original discovery of the bale of marijuana, and also to the second "search" of defendant's car resulting in the discovery of the already opened bale of marijuana by the sheriff and deputies at the time of defendant's arrest.
In State v. Peters, 302 So.2d 888 (La.1974) cert. denied, 423 U.S. 878, 96 S.Ct. 151, 46 L.Ed.2d 111 (1975), the court found that an undercover agent's purchase of heroin from the defendant did not constitute a search and seizure. Likewise, we find that the preliminary sampling of the marijuana by the undercover narcotics agents in this *1131 case, did not constitute a search and seizure. However, it did provide the probable cause, which along with exigent circumstances justified the subsequent search of the vehicle by law enforcement officers. There is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 2:
Defendant urges that Paragraph B of LSA-R.S. 40:962 is unconstitutional and since the state has failed to introduce evidence as to the constitutionality of Article 962, defendant's conviction should be reversed.
LSA-R.S. 40:962 B reads as follows:
"B. The secretary of the Department of Health and Human Resources shall add a substance as a controlled dangerous substance if it is classified as a controlled dangerous substance by the Drug Enforcement Administration of the United States Government."
The defendant relies on State v. Rodriguez, 379 So.2d 1084 (La.1980), where the Supreme Court found section B of La.R.S. 40:962 to be invalid as an unconstitutional delegation to a state agency of the legislative authority to create crimes. That case is inapplicable to the case before us. In this case, marijuana was not added to the list controlled dangerous substances pursuant to R.S. 40:962 B. It was added by the legislature to La.R.S. 40:964, Schedule I, Sec. C in 1981 by Act. 800. This Act became effective prior to the date of defendant's crime. Additionally, marijuana had previously been included under La.R.S. 40:964, Schedule II, Sec. A(5). The constitutional infirmity found in State v. Rodriguez, supra, is not present in this case. Accordingly, we find no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 3:
Defendant argues that LSA-R.S. 40:966 is unconstitutionally vague because the legislature has included the penalty portions of possession and possession with intent in the same statute without guidelines to ascertain when one is guilty of possession with intent. We disagree.
In State v. Sliger, 261 La. 999, 261 So.2d 643 (1972), the court discussed this same argument:
"In connection with this claim of unconstitutionality it is argued in defendants' brief that the statute is `vague, uncertain and indefinite because it does not adequately put on notice an ordinary person that he may be actually committing that crime. * * * there is no basis nor guidelines set forth in the Act by which one might determine the exact point at which simple possession of a controlled dangerous substance becomes "possession with intent to distribute."'
The argument is without foundation. For, obviously, an offender knows whether he is possessing the drug for his own use, or whether he is possessing with the intent to distribute. The nature of his intent in possessing is a question of fact, an essential element of the crime, which the State must prove to obtain a conviction. Crimes requiring specific intent or knowledge have long been part of the criminal law and have been codified in our Criminal Code." 261 So.2d at p. 645.
Defendant further argues that, because LSA-R.S. 40:966 allows the district attorney to charge an accused with simple possession of less than one hundred (100) pounds of marijuana carrying a maximum penalty of six months or with possession with intent to distribute of up to one hundred (100) pounds of marijuana carrying a penalty of up to ten years, the statute permits an unconstitutional delegation of the sentencing prerogative to the district attorney.
The district attorney has broad discretion in both the institution and handling of criminal prosecutions. La.C.Cr.P. Art. 61; La. Const. Art. 5, Sec. 26(B); Hall v. City of New Orleans, 385 So.2d 1253 (La.App. 4th Cir.1980) cert. denied 393 So.2d 739 (La.1980). When conduct is made criminal under more than one article in the Revised Statutes, prosecution may proceed under either provision, in the discretion of the district attorney. La.R.S. 14:4(2). *1132 There is no constitutional infirmity in the existence of the discretion.
For the above assigned reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.