FORET, Judge.
The defendant, Robley Broussard, was charged by bill of information with the crime of distribution of a controlled dangerous substance, amphetamine, in violation of LSA-R.S. 40:967(A). On September 27, 1983, a jury of twelve found the defendant guilty of attempted possession of amphetamine in violation of LSA-R.S. 14:27 and 40:967(C). On January 20, 1984, the defendant was sentenced to serve two years at hard labor and to pay a fine of $2,000, or serve six months in the parish jail.
Defendant appeals, urging the following three assignments of error:
(1) The trial court erred in denying Rob-ley Broussard’s motion for a mistrial which was based on the prosecutor’s arguing of other crimes.
(2) The trial court erred by failing to give an admonition to the jury regarding the prosecutor’s argument of other crimes.
(3) The trial court erred by imposing a maximum sentence which was constitutionally excessive.
On April 18, 1982, Louisiana State Police Sergeant Ronald Theriot, received a phone call from a confidential informant, who told him that the defendant had approached him about selling some cocaine to him. Sgt. Theriot made arrangements to accompany the informant to the Wal-Mart parking lot in Breaux Bridge to meet the defendant and purchase the drugs. Sgt. Theriot and the informant met the defendant at the designated meeting place and negotiated the sale of two grams of what was later discovered to be amphetamines, for $90 per gram. Sgt. Theriot paid the defendant by check at the conclusion of the negotiations. The defendant was subsequently arrested and charged with distribution' of amphetamines.
ASSIGNMENTS OF ERRORS NO. 1 AND 2
Defendant contends the trial court erred in denying his motion for a mistrial. More particularly, defendant contends the prosecutor made mention of other crimes in argument which mandates a mistrial under Article 770 of the Code of Criminal Procedure. Alternatively, defendant argues that *488 the trial judge should have given an admonition to the jury.
LSA-C.Cr.P. Article 770 provides:
“Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.” (Emphasis added.)
The record reflects that during closing arguments the prosecutor stated:
“... or that the drug dealer, this defendant who makes a living dealing drugs,
At that point, the defense attorney moved for a mistrial urging that this was reference to other crimes. The trial judge denied defense counsel’s motion but sustained the objection.
At the outset, it should be noted that the State presented evidence, without objection, that after the drug purchase took place, the defendant stated that if Sergeant Theriot wanted more drugs, he could get it for him. The State argues that from this unobjected-to testimony, the defendant’s claim, that he could secure more drugs, strongly suggests that defendant was in the business of selling drugs. Therefore, the State merely summed up in closing argument what the evidence they presented inferred. Hence, the State contends that the reference made to drug dealing in closing argument was appropriate.
“Before a reviewing court will overturn a verdict on the basis of an improper rebuttal argument, it must be convinced that the challenged remark influenced the jury and contributed to the verdict. See State v. Vosloh, 387 So.2d 1174 (La.1980).” See also State v. Howard, 449 So.2d 69 (La.App. 4 Cir.1984).
We find that the comment made by the District Attorney was an isolated one, objected to immediately by the defendant’s counsel and .dealt with by the trial judge. The trial judge did in fact admonish each counsel and cautioned them, in the presence of the jury, to keep their arguments within the framework of the evidence. We do not feel that the remark was by its nature a direct or indirect referral to other crimes, which would warrant a mistrial under LSA-C.Cr.P. Art. 770. Further, we are not convinced that the remark influenced the jury and contributed to the verdict, by virtue of the fact that the jury returned a verdict of guilty of the lesser offense. We also find that the trial court’s admonition to the District Attorney and caution to both counsel, while in the jury’s presence, was sufficient admonition for a single isolated remark. Therefore, assignments of error numbers 1 and 2 do not constitute reversible error.
ASSIGNMENT OF ERROR NO. 3
The defendant assigns as error the imposition of a sentence of two years at hard labor and $2,000 fine or six months in parish jail as excessive.
The defendant, as noted by the trial court in its reasons for sentencing, had been convicted of three DWI offenses, the third offense being a felony. The defendant had his prior probation revoked and, due to his third DWI conviction, would not be eligible for a suspended sentence. The trial court felt that the defendant was in need of correctional treatment or the custo *489 dial environment provided by a correctional institution, and that to impose a lessor sentence would deprecate the seriousness of his crime.
“It is well settled that the trial judge is given wide discretion in the imposition of sentences and the sentence imposed by him should not be set aside in the absence of abuse of that discretion. State v. Jones, 381 So.2d 416 (La.1980); State v. Sepulvado, 367 So.2d 762 (La.1979)...”. Also, State v. Bell, 438 So.2d 636 (La.App. 2 Cir.1983).
While the sentence imposed may seem severe, the record reflects that our learned brother below adequately considered the sentencing guidelines in LSA-C.Cr.P. Art. 894.1 in particularizing the sentence to the defendant.
We do not find that the trial court abused its discretion in imposing the sentence complained of. Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.