503 So.2d 529 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Ronnie K. BANKS, Sr., Defendant-Appellant.
No. CR86-512.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
Rehearing Denied March 4, 1987.
Writ Granted March 26, 1987.
*530 Otha Curtis Nelson, Simmons, Nelson & Dunn, Baton Rouge, for defendant-appellant.
Richard Ieyoub, Dist. Atty., Saundra Isaac, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
KNOLL, Judge.
Defendant, Ronnie K. Banks, Sr., an attorney, was convicted of theft over $500, a violation of LSA-R.S. 14:67. The money defendant stole was a settlement for personal injuries sustained by defendant's client, Miss Linda Bellard. He was sentenced to serve 5 years in the custody of *531 the Department of Corrections; the sentence was suspended and defendant was placed on supervised probation for 4 years under the provisions of LSA-C.Cr.P. Art. 895, with the special condition that defendant serve 18 months in the parish jail and make restitution after serving the 18 months jail term, the amount of restitution to be determined by the probation officer.
Defendant appeals his conviction and sentence presenting six (6) assignments of error. We affirm.
Miss Linda Bellard was involved in an automobile accident on March 2, 1982, in Lake Charles wherein she sustained personal injuries as well as damage to her car. She retained an attorney, Herman Mouton, to prosecute her claim. Mouton assigned the case to his new associate, defendant herein. Plaintiff's property damage claim was resolved immediately. Her personal injury claim was settled on June 24, 1982. United States Fidelity and Guaranty Insurance Company (USF & G) mailed defendant a release and draft in the amount of $2,865.75, made payable to Miss Bellard and Ronnie K. Banks, Sr. as her attorney. The release was returned to USF & G bearing the purported signature of Miss Bellard, witnessed by defendant. Defendant testified that he settled the claim without his client's knowledge and consent, forged her name on the settlement check, then cashed it. Defendant alleges that after Mouton informed him that Miss Bellard had executed a power of attorney, he signed her name to the check, negotiated it and gave the money to Mouton. Mouton denies receiving any money from the settlement and suggests that defendant left the money in Mouton's office when defendant left his law firm to start his own practice, and possibly a secretary stole the money. During the ensuing year defendant made no attempts to disclose the nature of the settlement to Miss Bellard, who was repeatedly given the "runaround" by both attorneys when she inquired about the status of her case. Eventually Miss Bellard contacted the State Bar Association who directed her to the district attorney's office in Calcasieu Parish to file criminal charges of theft against the defendant and Mouton. The defendant was tried and found guilty by a six member jury.

ASSIGNMENT OF ERROR ONE
Defendant contends the trial court committed reversible error when it denied a defense challenge for cause of a prospective juror who testified on voir dire examination that she was introduced to the assistant district attorney at a social gathering. Defendant argues that under LSA-C. Cr.P. Art. 797(3) the prospective juror should have been excused because of her relationship with the assistant district attorney. When a trial judge denies a challenge for cause of a prospective juror, the defendant on appeal need only show two things to obtain reversible error: (1) that the trial judge erred in refusing to sustain a challenge for cause by the defendant, and (2) that the defendant exhausted all of his peremptory challenges. State v. Smith, 430 So.2d 31 (La.1983); State v. Albert, 414 So.2d 680 (La.1982). In the present case defendant exercised all of his peremptory challenges, therefore, this issue can be properly raised on appeal.
During voir dire the prospective juror stated that she was acquainted with the assistant district attorney. She also stated that she never socialized with him and that she could be impartial. A juror's relationship with the prosecutor does not disqualify the juror unless the relationship would impair the juror's ability to be impartial. State v. Eastin, 419 So.2d 933 (La.1982). In the present case, the record is void of any evidence that the casual acquaintance between the prospective juror and the assistant district attorney would affect the juror's ability to be impartial. The trial court is vested with broad discretion in ruling on challenges for cause, and its rulings will not be disturbed on appeal absent a showing of abuse of discretion. State v. Benoit, 440 So.2d 129 (La.1983); State v. Smith, 437 So.2d 802 (La.1983). The record supports that the trial court did not abuse its broad discretion. This assignment of error is without merit.

*532 ASSIGNMENT OF ERROR TWO
Defendant contends that the trial court committed reversible error when it sustained the State's objection to a question by defense counsel to defendant's law partner, Mouton, as to whether he was interested in prosecuting the defendant since Mouton paid Miss Bellard restitution for the check negotiated by defendant. Defendant urges that the answer to this question would establish that there was no criminal intent to deprive Miss Bellard of her settlement money. The State objected on the basis that the question was irrelevant. The district attorney has complete control of criminal prosecutions in his district. La. Const. Art. 5, Sec. 26(B); LSA-C. Cr.P. Art. 61; State v. Kibodeaux, 435 So.2d 1128 (La.App. 1 Cir.1983). Any desire by Mouton to prosecute defendant is irrelevant to any decision by the district attorney to prosecute. This assignment of error is without merit.

ASSIGNMENT OF ERROR THREE
By this assignment defendant contends that the trial court committed reversible error when it refused to grant a mistrial based on the following statement by the State during closing argument: "Yet that man knew that that case had been settled, that money had been received, that he had in fact cashed the draft, rather than placing it in a trust account as the Code of Ethics dictates." The defense objected to the statement as being prejudicial to his client's interest. Defendant complains that the State's closing argument referred to other crimes, was outside the scope of the record, and therefore, prejudicial. LSA-C. Cr.P. Arts. 774, 770(2).
During trial the State asked defendant several questions without objection concerning defendant's knowledge of certain provisions of the Code of Professional Responsibility; specifically DR9-102(B), which provides that a lawyer shall promptly notify a client of the receipt of his funds, securities, or other properties. Defendant responded that he was familiar with the provision but that he did not comply with it in Miss Bellard's case. During closing argument the State made reference to this fact; defendant objected and moved for a mistrial. The trial judge ruled that since the Code of Professional Responsibility was not introduced into evidence, the State was to refrain from commenting about it and the court admonished the jury to disregard the statements.
A mistrial is a drastic remedy and, except in instances in which it is mandatory, is only warranted if substantial prejudice results which would deprive the defendant of a fair trial. The determination of unnecessary prejudice lies within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. State v. Tribbet, 415 So.2d 182 (La. 1982); State v. Fuselier, 474 So.2d 556 (La.App. 3rd Cir.1985).
All of the challenged statements made during the State's closing argument were admitted into evidence during the State's case-in-chief. The statements are not allegations of criminal conduct but rather violations of ethical conduct, therefore, Article 770(2) is not applicable. The motion for a mistrial was properly denied. Furthermore, we find that if the defendant was prejudiced in any way by the State's comments, the trial judge's admonition was sufficient to cure any prejudice. The granting of a mistrial was not warranted, as the comments, by themselves, did not necessarily influence the jury and contribute to the unanimous guilty verdict. State v. Culberth, 390 So.2d 847 (La.1980); State v. Broussard, 461 So.2d 486 (La.App. 3rd Cir.1984). State v. Benton, 453 So.2d 993 (La.App. 1st Cir.1984), writ denied, 457 So.2d 17 (La.1984). This assignment of error lacks merit.

ASSIGNMENT OF ERROR FOUR
Defendant contends that the evidence was insufficient to support the guilty verdict; specifically, that the State failed to prove that defendant intended to permanently deprive Miss Bellard of her funds. In Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), our Supreme Court set forth the relevant standard *533 of review of the sufficiency of the evidence to support a criminal conviction as follows: "... whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See also State v. Johnson, 480 So.2d 878 (La. App. 2nd Cir.1985).
Defendant admits a misappropriation of funds belonging to Miss Bellard without her consent. The record shows that defendant endorsed the settlement draft for himself and Miss Bellard. He then negotiated the settlement draft and did not give the proceeds to either Miss Bellard or Mouton. Miss Bellard was given the "runaround" by the defendant as well as Mouton as late as a year after execution of the settlement and release by Ronnie K. Banks, Sr. Although defendant knew that Miss Bellard had not received her settlement money, he made no attempt at explanation or restitution during this time. The record overwhelmingly supports a finding that any rational trier of fact could have found the essential elements of theft beyond a reasonable doubt after viewing the evidence in the light most favorable to the prosecution. Jackson, supra. This assignment of error is without merit.

ASSIGNMENT OF ERROR FIVE
Defendant contends that the trial court failed to comply with sentencing guidelines set forth in LSA-C.Cr.P. Article 894.1 and imposed an excessive sentence.
Article 894.1 sets forth guidelines to ensure that each sentence is individualized to the offender and the offense. The sentencing court need not articulate every aggravating and mitigating circumstance; however, the record must reflect that the court adequately considered the sentencing guidelines. State v. Smith, 433 So.2d 688 (La.1983); State v. McDonald, 414 So.2d 735 (La.1982). Where the record clearly shows an adequate factual basis for the sentence imposed remand is unnecessary, even where there has not been compliance with Article 894.1. State v. Smith, 430 So.2d 31 (La.1983); State v. Perry, 470 So.2d 426 (La.App. 3rd Cir.1985).
In the present case, in imposing sentence the court considered the defendant's pre-sentence report which indicated that this was defendant's first felony conviction; the conviction involved the breach of a trust by an attorney which warranted jail time. The sentencing court considered each provision of the sentencing guideline, and the record supports a factual basis for the sentencing choice.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in the light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
A defendant convicted of theft, when the misappropriation amounts to a value of $500 or more, shall be imprisoned for not more than ten years, with or without hard labor, or fined not more than three thousand dollars, or both. LSA-R.S. 14:67.
Defendant was sentenced to serve five years in the custody of the Department of Corrections. The sentence was suspended and defendant was placed on supervised probation for four years. As a condition of probation, defendant was ordered to serve eighteen months in the parish jail. Defendant's sentence falls within the statutory limits. However, a sentence which falls within the statutory limits may violate defendant's right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing court's reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981). A sentence is deemed excessive if it (1) makes no measureable *534 contribution to acceptable goals of punishment and hence is nothing more than purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Calloway, 432 So.2d 1064 (La.App. 3rd Cir.1983). The sentencing court viewed the circumstances surrounding the theft and imposed a sentence particularized to defendant's conduct. State v. Lanclos, 419 So.2d 475 (La.1982).
After carefully reviewing the record, we find that the record supports the sentence imposed. Although the record shows that this was defendant's first felony conviction, the offense involved the breach of a trust by an attorney in his fiduciary capacity while managing client funds. An attorney occupies a position of integrity, prestige, and great responsibility in our society. The fundamental tenets upon which our legal system is founded mandates that attorneys execute their functions with the utmost of trustworthiness. The public's perception of the legal profession demands that integrity of its members be first and foremost. Protection of the public trust in attorneys is the duty of every attorney, and the breach thereof is a serious matter. Misuse of client funds has repeatedly been characterized as a very serious and reprehensible form of attorney misconduct. Louisiana State Bar Association v. Perez, 471 So.2d 685 (La.1985); Louisiana State Bar Association v. Daye, 443 So.2d 1107 (La.1983). This assignment of error is without merit.

ASSIGNMENT OF ERROR SIX
Defendant contends that the trial court erred when it refused to grant defendant a hearing in open court after denying defendant's motion for post verdict judgment of acquittal, and in sentencing defendant immediately after denying the motion.
In order to satisfy due process standards, the evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational trier of fact to conclude that the essential elements of the crime were proved beyond a reasonable doubt. Jackson v. Virginia, supra. LSA-C.Cr.P. Article 821 sets forth the Louisiana standard for post verdict motions of acquittal based upon insufficiency of the evidence. The denial of a post verdict judgment of acquittal may be reversed on appeal only if there is no evidence of the crime or an essential element thereof or where denial is a palpable abuse of the court's wide discretion. State v. Vaughn, 378 So.2d 905 (La.1979). In the present case the overall evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant committed a theft of over $500.
The defendant further contends that the trial court erred when it failed to grant defense counsel a hearing in open court after denying defendant's motion for post verdict judgment of acquittal. LSA-C.Cr.P. Art. 821 provides that "a motion for post verdict judgment of acquittal must be made and disposed of before sentence." The statute does not provide defendant a right to a hearing in open court after disposition of the motion. Furthermore, defendant offered no support for his contention that he was entitled to an open court hearing on his motion.
The trial court committed no error when it sentenced defendant immediately after denying defendant's motion for post verdict judgment of acquittal. LSA-C. Cr.P. Art. 873 provides that at least three days shall elapse between conviction and sentence when a defendant is convicted of a felony. The record shows that at least three days had elapsed between conviction and sentence. There is no requirement for any delays to elapse before sentencing after a motion for a post verdict judgment of acquittal has been denied. This assignment of error is without merit.

ASSIGNMENTS NOT CONSIDERED
By way of a supplemental brief filed in this court on October 23, 1986, defendant attempts to raise two additional assignments of error for the first time, alleging error in failing to instruct the jury on certain points and error in the trial court's acceptance of an illegal verdict. *535 These arguments were not preserved by formal assignments of error; and thus, are not properly before this court. State v. Spears, 350 So.2d 603 (La.1977); LSA-C. Cr.P. Art. 844; LSA-C.Cr.P. Art. 920. Accordingly, these improperly raised allegations will not be considered.

DECREE
For the foregoing reasons the defendant's conviction and sentence are affirmed. Costs of this appeal are assessed to the defendant, Ronnie K. Banks, Sr.
AFFIRMED.
DOMENGEAUX, J., concurs.