597 So.2d 1153 (1992)
STATE of Louisiana
v.
Michael A. FREEMAN.
No. 91 KA 0213.
Court of Appeal of Louisiana, First Circuit.
April 10, 1992.
Stay Order Denied; Writ Denied May 22, 1992.
*1154 William R. Campbell, Jr., New Orleans, for appellant.
Herbert R. Alexander, Mandeville, for appellee.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
Michael A. Freeman was charged by bill of information with six counts of perjury, violations of LSA-R.S. 14:123. Defendant filed a motion to quash the prosecution on the ground that LSA-R.S. 14:123 is preempted by LSA-R.S. 33:2502 and 33:2507, which provide that the crimes allegedly committed are misdemeanors. The trial court granted defendant's motion, and the state followed with this appeal.
The bill of information alleges that, on February 13, 1990, defendant knowingly and intentionally testified falsely before the Municipal Police Civil Service Board of the City of Slidell. The bill specifies six alleged false statements and charges defendant with committing six counts of perjury in violation of LSA-R.S. 14:123. This perjury statute provides, in pertinent part, that perjury "is the intentional making of a false ... oral statement in, or for use in,... any proceeding before a board or official, wherein such board or official is authorized to take testimony." In situations where the offense is committed other than during a felony trial, the punishment is "by a fine of not more than one thousand dollars, or by imprisonment, with or without hard labor, for not more than five years, or both." LSA-R.S. 14:123(2).
In the motion to quash, defendant alleged that the state's prosecution of him for felonies under LSA-R.S. 14:123 should be quashed because the perjury statute is preempted by a specific statute, LSA-R.S. 33:2502, which defendant contends establishes a misdemeanor offense for the making of false testimony before a civil service board. Although relying on a different legislative provision, the trial judge accepted defendant's argument.
The trial court held that, although "the district attorney has the constitutional and statutory authority and discretion to select the statute under which a defendant shall be prosecuted," because the "[l]egislature has specifically made lying to the civil service commission a crime and specifically fixed the penalty for this specific perjury [by the passage of Act 61 of 1976]," the "[l]egislature effectively preempted the discretion of the district attorney and limited the prosecution to that of a misdemeanor." (emphasis in original). Act 61 of 1976 created a civil service system for police employees in Slidell.[1] Section 23 of the Act established a crime for the giving of false testimony during a hearing before the civil service board:
Any person ... who shall knowingly give false testimony to an investigation *1155 or hearing authorized by this Act shall be guilty of a misdemeanor and shall be subject to the penalties provided by this Act.
Section 30 A of the Act provides that violations of the Act are punishable "by a fine of not more than five hundred dollars nor less than one hundred dollars or by imprisonment for not more than six months nor less than one month, or by both such fine and imprisonment, in the discretion of the court."
The trial court reasoned that "statutes specifically directed to the matter at issue must prevail as an exception to the statute more general in character in order to give full effect to the legislative intent of the general rule." (emphasis in original). See generally Macon v. Costa, 437 So.2d 806, 813 n. 14 (La.1983). For the reasons which follow, we reverse the decision of the trial court.
While the principle of statutory construction upon which the trial court relied is solidly entrenched in Louisiana jurisprudence, this principle applies only when there are two irreconcilable statutory provisions. Merely because more than one act of the legislature proscribes particular conduct does not mean that these multiple provisions are irreconcilable.
The district attorney has broad discretion in both the institution and handling of criminal prosecutions. LSA-Const. art. 5, § 26(B); LSA-R.S. 16:1 B; State v. Kibodeaux, 435 So.2d 1128, 1131 (La.App. 1st Cir.1983). He may decide whom, when, and how to prosecute. LSA-C.Cr.P. art. 61; State v. Coleman, 465 So.2d 709, 711 (La.1985). When conduct is made criminal under a section of the Revised Statutes and is also criminal under some special statute, prosecution may proceed under either provision, at the discretion of the district attorney. LSA-R.S. 14:4(2); State v. O'Blanc, 346 So.2d 686, 690 (La.1977); State v. Kibodeaux, 435 So.2d at 1131. Even when the penalty under a general criminal provision differs from that established in a special provision, the district attorney has the discretion to proceed under either provision. See State v. Juluke, 374 So.2d 1259, 1260 (La.1979) (the district attorney has discretion to choose between prosecuting a defendant for forgery, a felony, or unauthorized use of a credit card, a misdemeanor).
In the instant case, in arguing the motion before the trial court, defendant contended that by passing special legislation, the legislature "created ... an exception [to the district attorney's discretion] because they couched it in mandatory language..., shall." This argument by defendant is without merit. As the supreme court recognized in State v. Coleman:
Virtually all criminal penalty provisions are stated in mandatory terms. Usually a statute states that "whoever commits the crime of ... shall be imprisoned" for a term as prescribed therein. [citations omitted] Such language, however, is not intended to authorize a court to correct a district attorney in the exercise of his constitutional and statutory discretion to proceed under a particular provision when an offender's conduct is criminal according to several statutes or to selectively enforce enhancement statutes.
465 So.2d at 712.
Accordingly, we vacate the decision of the trial court, which granted defendant's motion to quash, and remand for further proceedings consistent with this opinion.
RULING GRANTING MOTION TO QUASH IS VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] The statutes cited by defendant, LSA-R.S. 33:2502 and 33:2507, are contained in the Municipal Fire and Police Civil Service Law, which regulates civil service for fire and police employees in municipalities containing a population of not less than 13,000 and not more than 250,000 which operate both paid fire and police departments. LSA-R.S. 33:2507 provides for a fine of not more than $500.00 and ineligibility for employment in the Civil Service.