| iFITZSIMMONS, Judge,
concurring,
I write separately to comment on the statutory provisions at La.R.S. 56:327 and 56:327.1. The titles of the subject statutes suggest that La.R.S. 56:327 applies to the sale or purchase of freshwater or saltwater game fish, while La.R.S. 56:327.1 specifically applies to “aquaculturally-raised” fish. When listing those fish which may be imported into this state for sale at wholesale or retail, La.R.S. 56:327.10(1) excepts certain freshwater game fish from its definition of cultured fish raised in an aquacultural environment. By excepting only specific freshwater game fish, the legislature intended to authorize the importation of those aquaeul-turally-raised freshwater game fish not excepted by Subsection C(l). Hybrid striped bass are not excepted from the definition. Therefore, the authorization in Subsection C(l) allows the importation of hybrid striped bass raised in an aquacultural environment into this state for sale at wholesale or retail.
Furthermore, it is a well established rule of statutory application that statutes specifically directed to the matter at issue must prevail as an exception to the statute more general in character. State v. Freeman, 597 So.2d 1153 (La.App. 1st Cir.), writ denied, 599 So.2d 311 (La.1992); Yamaha Motor Corp. v. Bonfanti Industries, 589 So.2d 575 (La.App. 1st Cir.1991). As such, the specific statutory provision of La.R.S. 56:327A(l)(a) applies in this instance, over the more general definition of “freshwater game fish” contained in La.R.S. 56:8(44).
Finally, the defendant offered evidence in the form of a report from Central Analytical Laboratories, prepared by Mike Russell (defense exhibit “D-l”), in an attempt to show that the fish seized on July 27, 1993, were from the shipment reported tojjthe Department on July 21, 1993. Mr. Russell’s findings were inconclusive at best. The statement that samples “B” and “C” (both alleged to have been taken from the July 21 shipment) were “in approximately the same physical state,” proves little with regard to the age of the fish. Moreover, any inferences gathered from Mr. Russell’s report would necessarily be premised upon information supplied to Mr. Russell by the defendant (i.e. that the fish in samples “B” and “C” were both from the July 21 shipment). With regard to the facts of this case, the eminent trial judge had sufficient evidence to find the defendant guilty.