Dear Chief Swafford:
This office is in receipt of your opinion request, in which you raise several questions concerning a municipal ordinance restricting the sale of alcoholic beverages. You do not inquire as to the validity of the ordinance; we understand your question requires this office to determine which official(s) are charged by state law with the responsibility of enforcing the ordinance.
The Town of Colfax is a Lawrason Act municipality, governed by the provisions of LSA-R.S. 33:321, et seq. The chief of police has "general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws . . .". LSA-R.S. 33:423 (A). Pursuant to statute, as chief of police of Colfax, you are charged with the responsibility to enforce the ordinance in question, until such time as the board of aldermen see fit to repeal this local law.
Further, note that LSA-R.S. 14:134 defines as malfeasance in office those actions of public officers or public employees where that individual "intentionally refuse[s] or fail[s] to perform any duty lawfully required of him, as such officer or employee". LSA-R.S. 14:134 (1). Failure to perform your duty to enforce municipal ordinances may constitute malfeasance in office.
This office is of the opinion that an elected alderman is powerless to "give his permission" to an individual to violate a municipal ordinance. A validly enacted ordinance has the force and effect of law, and the local citizenry, including that aldermen, is constrained to follow its provisions as dictated, until such time as the ordinance is repealed by the legislative body which enacted it, or it is declared invalid by the judiciary.
You also ask who is responsible for prosecuting those individuals you arrest for violation of the ordinance. Note that pursuant to LSA-R.S. 33:441, a mayor's court has jurisdiction over all violations of municipal ordinances. The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction of the ordinance.
The district attorney exercises concurrent jurisdiction with other prosecutors within the parish for violation of a municipal ordinance. However, the district attorney may legally decide not to prosecute the individuals in question. The district attorney has broad discretionary power in both the institution and the handling of all criminal prosecutions. State v. Kibodeaux, 435 So.2d 1128 (La.App. 1st Cir. 1983).
We hope the foregoing is responsive to the issues raised. Should you have further questions, please contact this office.
Very truly yours,
Richard P. Ieyoub Attorney General
By: Kerry L. Kilpatrick Assistant Attorney General