*876 ON APPLICATION FOR READMISSION TO THE BAR
JjPER CURIAM.*
This matter involves an application for readmission' to the bar pursuant to Supreme Court Rule XIX, § 24, filed by petitioner, Ronnie K. Banks, Sr. of Shreveport, Louisiana.
FACTS AND PROCEDURAL HISTORY
In 1986, petitioner was charged with professional misconduct stemming from a criminal conviction[1] and improper use of client funds.[2] Petitioner was placed on interim suspension on September 4, 1986. On April 2, 1987, this court rendered an order allowing petitioner to surrender his license to practice law and disbarring him by consent, retroactive to September 4, 1986.
On January 29, 1996, petitioner filed an application for readmission, alleging that he had complied with all the requirements set forth in Supreme Court Rule XIX, § 24(E). The ODC opposed readmission, and the matter was referred to the hearing committee for formal hearing under Supreme Court Rule XIX, § 24(G).
A formal hearing was held, at which time petitioner testified and presented witnesses. The ODC called its staff investigator as a witness, who testified that he was unable to complete his investigation because he did not receive copies of all of petitioner’s financial records. At the conclusion of the hearing, the committee recommended petitioner’s readmission, subject to the condition that he provide the ODC with certain financial records and evidence of restitution to former clients.
| gThe matter was then referred to a panel of the disciplinary board. Initially, the disciplinary board remanded the matter to the hearing committee to allow petitioner to submit additional documents to assist the board. After supplementation of the record, the board recommended petitioner be readmitted to the practice of law.
The ODC filed an objection in this court to the disciplinary board’s recommendation and requested the opportunity to brief the issue. We permitted the parties to file written briefs addressing the issue of whether readmission should be granted, and in the event readmission is granted, whether such readmission should be made subject to conditions or probation. Both parties filed briefs.
DISCUSSION
After reviewing the record, we agree with the disciplinary board’s recommendation that petitioner is entitled to be readmitted to the practice of law. However, given the length of time petitioner has been out of practice, and the serious nature of the misconduct for which he was disbarred, we find it is appropriate to readmit petitioner on a conditional basis, *877 subject to a two year probationary period. During that time, petitioner will be supervised by a practice monitor to be appointed by the ODC, and will be required to fulfill additional continuing legal education requirements.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, the record filed herein, and the additional briefing of the parties, it is the decision of the court that petitioner, Ronnie K. Banks, Sr., be conditionally readmitted to the practice of law in the State of Louisiana subject to a two year probationary period, with the following provisions:
(1) During the period of probation, petitioner shall be supervised by a practice monitor to be appointed by the Office of Disciplinary Counsel.
(2) During the period of probation, petitioner shall complete at least thirty hours per year of continuing legal education;
(3) During the period of probation, petitioner shall make restitution, or good faith efforts at restitution, to his former client Chaka Ashanti Zulu (a/k/a Ricky Robinson) if he has |3not already done so and provide proof of such to the ODC. In the event the petitioner is unable to locate the client, the petitioner shall pay the amount owing to the client security fund;
(4) Failure to comply with the conditions of probation or any misconduct during the probationary period may be grounds for revocation of the conditional readmission or institution of new formal charges, as appropriate.
All costs of these proceedings are assessed against petitioner.

 Knoll, J. not on panel, recused. Rule IV, Part 2, § 3.

. Petitioner's disbarment stemmed from his conviction for theft of over $500. State v. Banks, 503 So.2d 529 (La.App. 3d Cir.), modified in part, 503 So.2d 1007 (La.1987). The underlying facts indicate petitioner, without his client's knowledge, settled a personal injury action for $2,865.75. Petitioner then forged his client's name on the settlement draft and cashed it.

. In addition to the criminal matter, two clients filed complaints against petitioner, alleging he failed to disburse settlement proceeds he had received on their behalf. A third client complained that petitioner failed to perform legal work after being paid his fee.