Dear Mayor Jupiter:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 1) Whether an agreement between the Chief of Police and the Mayor granting the Mayor administrative authority over the village's police department staff and equipment as well as all other duties associated with the Office of Chief of Police is a legal agreement?
 2) If the Chief of Police refuses to resign his position, what recourse does the village have to require the Chief to perform his duties?
 3) Whether the Chief of Police is allowed to assign all of his authority and job duties, including those expressly outlined in R.S. 33:423, to the Mayor?
 4) Would the failure of the Chief to perform those duties found in R.S. 33:423 subject him to potential criminal prosecution, i.e., malfeasance in office?
 5) What other options, legal or otherwise, may be available to resolve this situation?
As the emphasized statutory language below suggests, La. R.S.33:404, the Lawrason Act generally sets forth the powers of the mayor, but explicitly declines to enumerate his powers in connection with employees of police department headed by an elected Chief of Police:
 § 404. Duties of mayor
 A. The mayor shall have the following powers, duties and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices and agencies, other than a police department with an elected Chief of Police . . .
 (2) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected Chief of Police.
Also, note that La. R.S. 33:423 imposes duties on the Chief of Police by stating that the Chief of Police has the "general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform duties required of him by ordinance".
Based upon statutory law and jurisprudence relative to this issue, this office has stated that the Chief of Police has the inherent authority to supervise and control his office, office equipment and office personnel. Op. Atty. Gen., Nos. 94-73, 93-446, 93-580, 93-13, 88-115. Thus, in answer to your first question, regarding whether an agreement between the Chief of Police and Mayor whereby the Chief grants the Mayor his administrative authority over the police department is legal, the answer is that this agreement would not be legal because of the duties and responsibilities imposed by the statutes mentioned above.
You asked what recourse the Village has to require the Chief to perform his duties. It has been the opinion of this office that an elected Chief of Police is an elected official and can not be relegated to an inferior position of a municipal employee. As an elected official, he is not subject to the disciplinary actions of the Mayor and Board of Aldermen. La. Atty. Gen. Op. No. 99-27. However, the court has jurisdiction by mandamus to compel public officers to perform official duties that require no exercise of discretion. Thus, a petition for a writ of mandamus may be filed in the proper court to compel the Chief of Police to perform a ministerial duty. Ministerial duties include those duties that, the law or an ordinance, in plain and unmistakable terms, require the Chief of Police to perform. State ex rel. Hutton v. City ofBaton Rouge, 217 La. 857, 47 So.2d 665 (1950); State ex rel.Loraine, Inc. v. Adjustment Board, 220 La. 708, 57 So.2d 409
(1952).
In addressing your questions regarding delegation of duties and malfeasance in office, it must be understood that the Chief of Police has affirmative duties which are mandated by state statute. If the Chief of Police intentionally refuses or fails to perform duties required of him, he may be committing malfeasance in office in violation of La. R.S. 14:134. This statute reads as follows:
 § 134. Malfeasance in office
 Malfeasance in office is committed when any public officer or public employee shall:
 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
 (2) Intentionally perform any such duty in an unlawful manner; or
 (3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
It is our opinion that the Chief of Police may assign job duties to public officers. Any duty lawfully delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The Chief of Police should be aware that while he may delegate some duties to an assistant, the delegation does not relieve him of carrying out the duties required in La. R.S. 33:423. The Chief of Police is charged with the responsibility of enforcing municipal ordinances. Failure to perform this duty may constitute malfeasance in office. Whoever commits the crime of malfeasance in office shall be imprisoned for not more than 5 years with or without hard labor or shall be fined not more than five thousand dollars or both. La. Atty. Gen. Op. No. 98-241. If the Chief of Police fails to perform his duty or uses his office to do acts contrary to his duty as a public official, the remedy to remove him from office would be by recall election or by filing charges for malfeasance in office.
One method of dealing with a Chief of Police whose manner of conducting the duties of his office that are not satisfactory to the public is to have qualified electors petition for a recall election. State v. Platt, 193 La. 928 (La. 1939); LSA R.S.18:1300.1 et. seq. With regards to the charge of malfeasance in office, the decision to bring charges rests with the district attorney. The District Attorney has broad discretion in both the institution and handling of criminal prosecutions. State v.Kibodeaux, 435 So.2d 1128 (La.App. 1 Cir. 1983).
To answer your question regarding any options available to you, please direct your attention to LA. R.S. 33:381 (C) (3) which states:
 § 381. Municipal officers
 * * *
 (3) Notwithstanding any other provision of law to the contrary, the Board of Alderman of the village of Napoleonville may, upon recommendation of the mayor, abolish the office of Chief of Police of the village of Napoleonville or determine that said Chief shall not be elected at large but shall be appointed by the board upon recommendation of the mayor. No such action by the board shall be effective until the end of the term of the Police Chief in office at the time of that action. If the office of Chief of Police is abolished and the municipal police department is abolished pursuant to R.S. 33:362 (C), the Mayor and Board of Aldermen shall be further authorized to contract with or enter into any cooperative endeavor with any law enforcement entity or officer within Assumption Parish for police services of said village. If the office of Chief of Police is made appointive, the term of office and salary of said Chief shall be determined by the board of aldermen upon recommendation of the mayor.
It is hoped that this opinion has been of some assistance to you. If we may be of any further assistance, please feel free to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________ CHARLES H. BRAUD, JR. ASSISTANT ATTORNEY GENERAL
RPI:CHB, Jr/mjb