Dear Mayor Chanler:
In response to your recent inquiry, note that the law specifically allows an elected chief of police to simultaneously hold the office of deputy sheriff, where the population of the municipality is less than five thousand, as is the case in the Town of Cotton Valley. R.S. 42:66(M) provides:
 M. Nothing in this Part shall be construed to prohibit a chief of police of a municipality with a population of less than five thousand according to the 1990 federal decennial census from holding the office of deputy sheriff.
However, you state that the chief neglects the duties of his elected office in the performance of his duties as deputy sheriff. A public officer who does not perform his duty can be liable for malfeasance. R.S. 14:134 provides:
 Malfeasance in office is committed when any public officer or public employee shall:
 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee;
******
 Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
In Attorney General Opinion 00-51, this office observed that the failure of the chief of police to perform his required duties may subject him to recall election or potential criminal prosecution. The author stated therein:
 You asked what recourse the Village has to require the Chief to perform his duties. It has been the opinion of this office that an elected Chief of Police is an elected official and cannot be relegated to an inferior position of a municipal employee. As an elected official, he is not subject to the disciplinary actions of the Mayor and Board of Aldermen. La. Atty. Gen. Op. No. 99-27. However, the court has jurisdiction by mandamus to compel public officers to perform official duties that require no exercise of discretion. Thus, a petition for a writ of mandamus may be filed in the proper court to compel the Chief of Police to perform a ministerial duty. Ministerial duties include those duties that, the law or an ordinance, in plain and unmistakable terms, require the Chief of Police to perform. State ex rel. Hutton v. City of Baton Rouge, 217 La. 857, 47 So.2d 665
(1950); State ex rel. Loraine, Inc. v. Adjustment Board, 220 La. 708, 57 So.2d 409 (1952).
* * * * *
 One method of dealing with a Chief of Police whose manner of conducting the duties of his office that are not satisfactory to the public is to have qualified electors petition for a recall election. State v. Platt, 193 La. 928 (La. 1939); LSA R.S. 18:1300.1 et. seq. With regards to the charge of malfeasance in office, the decision to bring charges rests with the district attorney. The District Attorney has broad discretion in both the institution and handling of criminal prosecutions. State v. Kibodeaux, 435 So.2d 1128
(La.App. 1 Cir. 1983).
Thus, if the chief continues to fail to perform his duties, he may be removed from office by recall petition or by filing charges for malfeasance in office. In Attorney General Opinion 02-63, this office noted that the district attorney has broad discretion in both the institution and handling of criminal prosecutions for malfeasance in office.
We hope the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: July 9, 2002