Dear Mayor Lindsey:
This office is in receipt of your request for an opinion of the Attorney General in regard to the removal of heads of city departments. You ask the following:
 What legal authority does the newly elected Tallulah City Council possess to remove heads of city departments where the city council possesses information it believes justifies removal but the Mayor is not inclined to recommend removal?
We find in Atty. Gen. Op. 95-218 that this office was asked, (1) what was the status of a department head of a Lawrason Act municipality at the end of a term of office and the beginning of a new administration, and (2) did the department head remain in his position until and unless another person is appointed by the Mayor with the consent of the Board of Aldermen to take his place.
This office recognized that R.S. 33:386 provides for appointment of municipal officials at the first regular meeting of the board of aldermen succeeding each regular municipal election, where "the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, and all other necessary officers whose election is not provided for in La.R.S. 33:381." This office then noted the mayor's duties pursuant to R.S. 33:404 in pertinent part included "subject to applicable state law, ordinances, and civil service rules and regulations to appoint and remove municipal employees", but that "appointment or removal of * * * any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail." It was then concluded as follows:
 In answer to your first question, it appears that La.R.S. 33:404(A)(3) allows a department head to remain in that position until he is removed by the mayor, and the removal is approved by the board of aldermen. If the department head is not removed before the end of a term of office, he remains through the beginning of the new administration and until he is removed by the mayor with the board's approval.
Then this office stated in response to the second question as to whether the department head remains until and unless another person was appointed as follows:
 With regard to your second question, the answer is "yes." According to La.R.S. 33:386(A) the appointment of a successor for a department head usually occurs at the first regular meeting of the board of aldermen succeeding each regular municipal election. However, as stated in both statutes, the department head cannot be removed or his successor appointed without the approval of the board.
In the latter opinion it was found the failure of the mayor to budget the salary of the street commissioner was tantamount to an attempt to remove the individual from office without approval of the board of aldermen as required, and until such individual is properly removed his salary must be included in the annual budget.
We also recognize in Atty. Gen. Op. 94-385 that this office was asked to examine the legality of the action of the municipal board in voting by three of five aldermen to fire the town clerk who was then reappointed by the mayor but had not been confirmed by the board of aldermen. It was concluded that "only the mayor has the authority to fire the municipal clerk, subject to approval by the board of aldermen." It was then observed as follows:
 In summary, the law empowers the mayor alone with the authority to hire and fire the municipal clerk, subject to approval by the board. The board of aldermen are without statutory authority to remove the municipal clerk from her position, thus, the person in question continues to hold her position as town clerk.
In accord with the prior opinions of this office, we find no authority by the City Council to remove the head of a city department without a recommendation by the Mayor. The only recourse that might be possible for the Council to take is if the information it has by which it seeks removal of the individual would be if it constituted malfeasance in office which would be a decision left to the District Attorney. While any citizen may file a complaint, as observed by this office in Atty. Gen. Op. 02-235 with reliance upon Atty. Gen. Ops. 00-51and 02-63, "With regards to the charge of malfeasance in office, the decision to bring charges rests with the district attorney. The District Attorney has broad discretion in both the institution and handling of criminal prosecutions. State v. Kibodeaux, 435 So.2d 1128 (La.App. 1 Cir. 1983)."
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ______________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: September 2, 2003