412 So.2d 1042 (1982)
STATE of Louisiana
v.
Addison MITCHELL, Sr.
No. 81-KA-2325.
Supreme Court of Louisiana.
April 5, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, William O'Hara, Kendall P. Green, William R.
*1043 Campbell, Jr., Asst. Dist. Attys., for plaintiff-appellee.
M. Craig Colwart, New Orleans, for defendant-appellant.
NESTOR L. CURRAULT, Jr., Justice Pro Tem.[*]
Addison Mitchell, Sr. was charged by bill of information with the offense of indecent behavior with a juvenile, a violation of Louisiana Revised Statute 14:81. After a trial by jury he was found guilty as charged. Subsequently, the State filed a multiple offender bill against the defendant. After hearing, the trial judge determined him not to be a multiple offender and sentenced the defendant to serve three years at hard labor. On appeal, the defendant relies on two assignments of error for reversal. Finding merit to the second of the assigned errors, we reverse.
Factual Synopsis
Kerry Santa Cruz, an eleven-year-old young man, testified that on a certain Saturday he and his six-year-old sister, Rochell, visited a man named "Noonie." "Noonie," the defendant herein, lived across the street and was a friend of the Santa Cruz family. When Kerry left "Noonie's" house, Rochell remained behind.
Rochell Marie Santa Cruz, the victim of the crime, testified that while she was alone with the defendant he "stuck his hand" under her clothes. When he did that she began to bleed. After being asked, "Did `Noonie' stick his fingers in you," she replied affirmatively.
Later that night, Sharon Maria Santa Cruz, the victim's twenty-two-year-old sister, noticed blood stains on a pair of Rochell's underwear. She asked Rochell what had happened and the child told her that she had "hit herself on a girl's porch." The next morning Sharon again questioned Rochell. Finally, the child tearfully admitted that "Noonie played in her bootie." According to Sharon, Rochell was referring to her vagina.
After discovering this information, Sharon called their mother to report the incident. All three of them then went to Hotel Dieu Hospital where Rochell was examined. Doctor Myron E. Moorehead examined Rochell and found blood stains on her external genitalia. Her hymenal ring was dilated and had a small laceration. No sperm was found during the examination. Rochell told Dr. Moorehead that someone named "Noonie" had hurt her down below with his hand.
Subsequently, defendant was arrested and convicted of the present offense.
Defendant contends the trial court erred in allowing the State to impeach his testimony by use of a letter written by the defendant to the victim's family, the existence and contents of which were not disclosed to defense counsel despite a discovery request.
On October 6, 1980, defense counsel filed an extensive Motion for Bill of Particulars, Discovery and Inspection, requesting among other things "Did the defendant make any oral or written confession, statement, and/or admission, whether inculpatory or exculpatory," to which question the State responded "No." Trial commenced on October 30, 1980. On the second day of trial, the defendant, Addison Mitchell, Sr., took the stand and denied responsibility for the incident. During cross-examination, the prosecutor handed defense counsel a letter to peruse. Prior to questioning concerning the letter, a recess was requested and a discussion ensued in chambers. The defense counsel advised the court that the State was in possession of a letter from the defendant requesting forgiveness from the victim's family. He asserted that the letter was a "complete surprise" to him as he had been informed the State had no inculpatory statements, admissions or confessions. The State responded that it had only been advised *1044 of the letter on the previous day and had a xerox copy but had not received possession of the original letter until the morning of the second day of trial. The position was taken that the letter was being used for impeachment purposes only. In permitting the use of the letter over the objection of defense counsel the trial court held:
In view of the District Attorney's statement that he came into possession of the challenged document this morning and would not have attempted to introduce it had the defendant not taken the stand, the answer to the bill of particulars was filed sometime prior to the reception of the letter to the District Attorney and further, the Assistant District Attorney who offers, or who is in possession of the document, has turned it over to the defense for review prior to attempting to impeach the defendant; and for those reasons, I'm going to deny the motion (for mistrial) by counsel.
Louisiana Code of Criminal Procedure Article 716A provides:
Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confession or statement of any nature, including recorded testimony before a grand jury, or copy thereof, of the defendant in the possession, custody, control, or knowledge of the district attorney.
Louisiana Code of Criminal Procedure Article 729.3 provides:
If subsequent to compliance with an order issued pursuant to this Chapter and prior to or during trial, a party discovers additional evidence or decides to use additional evidence and such evidence is or may be, subject to discovery or inspection under the order issued, he shall promptly notify the other party and the court of the existence of the additional evidence, so that the court may modify its previous order or allow the other party to make an appropriate motion for additional discovery or inspection.
Louisiana Code of Criminal Procedure Article 729.5A provides:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued pursuant to this Chapter, the court may order such party to permit the discovery or inspection, grant a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter not disclosed, or enter such other order, other than dismissal, as may be appropriate.
The discovery rules in the Louisiana Code of Criminal Procedure are intended to eliminate unwarranted prejudice which could arise from surprise testimony. State v. Toomer, 395 So.2d 1320, 1329 (La.1981).
This Court has previously held that where the defendant is lulled into a misapprehension of the strength of the State's case and suffers prejudice when the (oral) statements are subsequently introduced at trial, basic unfairness which constitutes reversible error results. State v. Boothe, 310 So.2d 826 (La.1975); State v. Jenkins, 340 So.2d 157 (La.1976); State v. Sharp, 338 So.2d 654 (La.1976); State v. Hatter, 350 So.2d 149 (La.1977).
In the present case, the prosecutor received the evidence on the morning of the second day of trial. Before notifying the defendant of the evidence, the prosecutor reopened his case and questioned the victim's mother. The State then rested and the defendant took the stand. It was not until cross-examination of the defendant had begun that the State provided defense counsel with notice of the letter and its contents.
Although the State's failure to comply with discovery procedures will not automatically demand a reversal, if the defendant is prejudiced by the failure to disclose he is entitled to a reversal. State v. Davis, 399 So.2d 1168 (La.1981).
If the State had furnished the defendant with a copy of the letter prior to *1045 trial or even prior to the beginning of his testimony, time to prepare a defense might have been available. Had defense counsel known of the existence of the letter earlier, it is arguable that a different trial strategy would have been employed, including the choice of not permitting the defendant to testify.
We conclude that the defendant was prejudiced by the State's violation of the discovery Statute. A substantial right of the accused, that is, the right to prepare a defense was affected. Hence, the trial judge abused his discretion in failing to grant a mistrial or prohibit the State from introducing the letter.

DECREE
For the reasons assigned, defendant's conviction and sentence are reversed and the case is remanded to the district court for further proceedings in accordance with law.
NOTES
[*] Judge Walter I. Lanier, Jr. of the Court of Appeal, First Circuit and Judges Fred S. Bowes and Nestor L. Currault, Jr. of the Twenty-Fourth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Associate Justices Calogero, Dennis, Blanche and Lemmon.