809 So.2d 1029 (2001)
STATE of Louisiana
v.
Brandon FRANCIS
No. 2000 KA 2800.
Court of Appeal of Louisiana, First Circuit.
September 28, 2001.
*1030 Joseph L. Waitz, Jr., District Attorney, Matthew Hagen, Ellen Daigle Doskey, Assistant District Attorneys, Houma, for State of Louisiana.
Bertha M. Hillman, Thibodaux, for Defendant-Appellant Brandon Francis.
Before: FOIL and PETTIGREW, JJ., and KLINE,[1] J. Pro Tem.
PETTIGREW, J.
Defendant, Brandon Francis, was charged by bill of information with simple burglary, a violation of La. R.S. 14:62. Defendant pled not guilty. Following a jury trial, he was convicted as charged and sentenced to serve two (2) years imprisonment at hard labor. Execution of the sentence was suspended, and defendant was placed on active probation for two years. This probation was to begin on the date of defendant's release from jail, and was subject to certain conditions not relevant herein. Defendant appeals, relying on a single assignment of error for reversal of his conviction.

*1031 FACTS
On November 19, 1999, Mr. Preston Roddy suffered a heart attack. When he returned home from a stay in the hospital, he discovered that someone had broken into his home, and that certain items, including his wallet, were missing. Mr. Roddy reported the matter to the Terrebonne Parish Sheriffs Office. Defendant was subsequently arrested and charged with simple burglary.

DISCUSSION
In his sole assignment of error, defendant argues that the trial court erred in allowing his oral inculpatory statement to be admitted into evidence. Prior to trial, defendant made a motion requesting access to any and all written, recorded, or oral confessions or statements made by him that were in the possession of the prosecution, and which the prosecution intended to introduce at trial. Defendant was given open file discovery, and, thus, the prosecution did not provide any written responses to discovery. Pursuant to open file discovery, defendant became aware of a written statement made by him in which he admitted going into the victim's home and taking the victim's wallet. According to defendant, however, there was no mention in the file of the existence of a separate oral statement.
On the morning of defendant's trial, the prosecution filed a notice of intent to use inculpatory statements. The notice provided only that the prosecution intended to use all statements, inculpatory or otherwise, made by defendant to members of law enforcement or anyone concerning the case. No specifics regarding the statements were provided except that statements regarding the case were made to the Terrebonne Parish Sheriffs Office, Houma Police Department, or the Louisiana State Police. Furthermore, the notice itself did not indicate that defendant had made both a written and an oral statement.
Defendant objected, and, prior to trial, a hearing on the objection was held out of the presence of the jury. Defendant argued that he had not been made aware of the existence of the oral statement in response to his discovery requests, and, therefore, the prosecution could not introduce the oral statement at trial. The trial court disagreed, however, citing in part the fact that defendant had been granted open file discovery prior to trial. Pursuant to this ruling, the prosecution was allowed to introduce into evidence both the written and oral inculpatory statements made by defendant.
Defendant argues that the prosecution violated Articles 716 and 768 of the Louisiana Code of Criminal Procedure and that the oral statement should not have been introduced at trial. Because the statement was introduced, defendant argues that he is entitled to a new trial.
Regarding statements made by a defendant, Article 716 provides as follows:
A. Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confession or statement of any nature, including recorded testimony before a grand jury, or copy thereof, of the defendant in the possession, custody, control, or knowledge of the district attorney.
B. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the existence, but not the contents, of any oral confession or statement of any nature, made by the defendant, which the district attorney intends to offer in evidence at the trial, with the information *1032 as to when, where and to whom such oral confession or statement was made.
C. Upon motion of the defendant, the court shall order the district attorney to inform the defendant of the substance of any oral statement which the state intends to offer in evidence made by the defendant, whether before or after arrest, in response to interrogation by any person then known to the defendant to be a law enforcement officer.
Further, Article 768 provides:
Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.
By its own terms, Article 768 does not apply when the defendant has been granted pretrial discovery. In this case, defendant was granted such discovery. Thus, the prosecution has argued that its notice of intent to use inculpatory statements provided on the morning of trial was unnecessary and simply given out of an abundance of caution. However, there is a question as to whether the discovery provided to defendant afforded sufficient notice of the existence of the oral inculpatory statement.
Defendant made certain discovery requests by motion prior to trial in which he requested, among other things, that certain information be provided by the prosecution regarding any inculpatory statements made by him. No written responses to these requests appear in the record. According to statements made by the prosecuting attorney and defendant's attorney, the parties engaged in open file discovery. Neither the file nor the report of the detective is part of the record subject to review. However, Detective Darryl Stewart, the detective to whom the defendant gave his oral statement, did testify at trial regarding his report. During cross-examination, Detective Stewart testified that the reference to a statement in his file simply referred to the written statement, not the oral one. Further, Detective Stewart specifically stated that he did not mention anywhere in his report that defendant had made an oral inculpatory statement to him. Therefore, it would appear that defendant never received notice of the oral inculpatory statement pursuant to the pretrial discovery requests submitted to the prosecution. Louisiana Code of Criminal Procedure article 729.5 provides sanctions for the failure to comply with discovery requests, including granting a mistrial or refusing to allow the introduction of the evidence.
As stated above, the prosecution filed a notice of intent to use inculpatory statements on the morning of trial pursuant to Article 768. The prosecution has argued that this notice was not necessary because of the fact that defendant had been granted pretrial discovery, and that the notice was simply filed out of an abundance of caution. However, it appears that the responses to discovery provided by the prosecution were not sufficient since defendant could not have been aware of the oral statement by simple perusal of the open file, and no other responses to the requests were filed by the prosecution.
The Article 768 notice provided by the prosecution was general in nature and did not provide any specifics regarding the statements at issue. The purpose of a notice of intent to use inculpatory statements is not only to give the defendant notice that such a statement exists, but also to signal the defendant that the State intends to use this statement at trial. Article 768 itself provides that the State must give notice of its intent "to introduce a *1033 confession or inculpatory statement in evidence." (Emphasis ours.) The use of the singular (as well as the functional intent of the article) means that the State must give sufficient notice of each confession or inculpatory statement it intends to use, with sufficient specificity as to date or occasion and persons to whom given thereby affording adequate notice sufficient to permit the defendant a fair opportunity to meet the issue. State v. Sneed, 316 So.2d 372, 376 (La.1975). Pursuant to this reasoning, a general notice of unspecified statements, such as would appear to have been provided by the prosecution in this case, would not satisfy the requirements of Article 768.
The purpose of pretrial discovery procedures is to eliminate unwarranted prejudice to a defendant that could arise from surprise testimony. State v. Mitchell, 412 So.2d 1042, 1044 (La.1982). Discovery procedures enable a defendant to properly assess the strength of the State's case against him in order to prepare his defense. State v. Roy, 496 So.2d 583, 590 (La.App. 1 Cir.1986), writ denied, 501 So.2d 228 (La.1987). If a defendant is lulled into a misapprehension of the strength of the State's case by the failure to fully disclose, such a prejudice may constitute reversible error. State v. Ray, 423 So.2d 1116, 1118 (La.1982). Defendant argues that because he could not have known of the oral statement, he was prejudiced in his ability to prepare his case. However, defendant does not explain how or why he was prejudiced by not knowing of the existence of the oral statement, especially since he was aware of the written inculpatory statement.
The technical failures to comply with the above articles are not dispositive of the ultimate issue before this court. Despite the fact that defendant was not provided notice of the oral statement in pretrial discovery or by the article 768 notice itself, reversal of the conviction is not appropriate. Even if the prosecution fails to provide the proper notice, the error may be harmless if the other evidence against defendant is overwhelming. State v. Jackson, 450 So.2d 621, 631 (La.1984). See also State v. Scoby, 536 So.2d 615, 620 (La.App. 1 Cir.1988), writ denied, 540 So.2d 339 (La.1989).
In the matter before this court, defendant unquestionably had notice of the written statement in which he admitted entering the victim's home and taking the wallet. This statement was entered into the record along with the victim's wallet, which was recovered from defendant, and the testimony of a witness who saw defendant in possession of the wallet. Further, the admissibility of the written statement was never in question. All of this evidence overwhelmingly supports defendant's conviction. Thus, defendant's assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Judge William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.