COOKS, J.,
dissents.
|TOn January 3 and 4, 2012, a confidential informant purchased powder cocaine from Kenneth Wayne Montgomery (Defendant). The purchase was videotaped by a confidential informant. The informant, Abraham Handy (Handy) was a convicted criminal with an extensive record and was acting as an informant conducting this controlled buy to help reduce the amount of time he was serving. No one else was present during the drug purchase by Defendant from Handy. On the basis of the videotape the police obtained a warrant and arrested Defendant. He was subsequently convicted of two counts of distribution of cocaine, violations of La.R.S. 40:967, and sentenced to serve two concurrent terms of thirty-years at hard labor.
Defendant’s appellate counsel raised an assignment of error asserting the trial judge should have been recused because of the “bad blood” between the trial judge and Defendant. The majority finds no merit in this assignment of error. The majority finds that Defendant’s multiple complaints filed against the trial judge prior to this proceeding and his allegations of bias in the proceedings “are completely lacking in anything other than unsupported conclusions based on defendant’s interpretations of the underlying facts.” Defendant listed among his reasons for recusing the trial judge years of contentious encounters between Defendant and this judge which include a lawsuit filed by Defendant against the trial judge wherein Defendant alleges “bias, racial bias, corruption and conspiracy pto violate [Defendant’s] Constitutional right.” This litigation was pending at the time of Defendant’s trial. Also pending at the time of his trial was a complaint filed with the Louisiana Judiciary Commission containing allegations against this trial judge. The trial judge refused to refer the motion to recuse to another judge finding “Petitioner’s motion fails to allege a valid ground for recusation, as required under Louisiana Code of Criminal Procedure Article 671, supported by conclusive facts.” The majority rejects Defendant’s assertion that the long history of contention between the trial judge and Defendant, which included the pending lawsuit and complaint with the Judiciary Commission, at least shows the appearance of impropriety if the trial judge sits in judgment of Defendant’s case. Defendant also points to pre-trial rulings which he alleges evidence the judge’s bias toward Defendant. Because there was pending litigation between this Defendant and the trial judge, and a pending complaint before the Judiciary Commission, the judge should at least have referred the motion to recuse to another judge for a hearing. This would have either resulted in the judge being re-cused if Defendant met his burden to show sufficient grounds for recusal or would have provided transparency and heightened credibility to the propriety of this judge conducting Defendant’s trial.
Defendant contends he was denied due process of law by the State’s failure to turn over discovery until the day of trial. The majority does not specifically discuss this allegation. Defendant alleges the trial court acknowledged the problem concerning the videotaped transaction but refused to correct it. The record supports this’ allegation. The Defendant combines two different bases for his objection. First, the pages referenced by the Defendant in *97 this discussion contain an oral motion to suppress any testimony by the confidential informant and anything resulting from the confidential informant’s testimony, as the State provided Defendant with the identity of the confidential informant and his rap sheet fifteen (¡¡minutes prior to the motion. This motion was raised by defense counsel on the date trial commenced shortly before jury selection began. The trial court denied the motion. The majority finds that under the provisions of La.Code Crim. P. art. 717, the state was not obligated to disclose the witness’ rap sheet or the identity of the witness prior to trial. While I question whether La.Code Crim. P. art 717 “seconds before trial commences” disclosure clause meets Constitutional due process muster, I do not agree with the majority’s interpretation that this provision also allows the State to withhold or refuse to disclose the identity of a witness and the existence of the videotape until seconds before trial commences. Article 717 (see the text quoted at page 10 of the majority opinion) only speaks to the record of arrests and convictions of such a witness and any inducements made for his testimony. It does not provide that the State may fail to inform Defendant of the name of the witnesses to be called against him when he has propounded discovery seeking such information. Additionally, Defendant asserts a different and even more compelling claim alleging the trial court erred in allowing the video surveillance tape into evidence despite the State’s failure to disclose the existence of the tape and the State’s intent to introduce it into evidence. The videotape of the drug transaction was the State’s primary evidence upon which Defendant’s conviction is based.
Defendant asserts:
It must be kept in mind that Mr. Montgomery was acting as his own counsel and it was not until the Friday before the Thursday trial that he received discovery from the State. It was only through discover[y] was it learned that the State had a recorded video-tape of the alleged transaction which the prosecution planned to introduce as evidence at trial. Mr. Montgomery was incarcerated and was not provided any means to contradict this evidence.
Defendant argues that this late discovery rendered the trial a sham and fundamentally unfair. The majority fails to address this claim, and I believe this | ¿claim has merit and renders the conviction constitutionally unsound requiring reversal of the conviction.
La. Const. Art. 1 § 16 provides the defendant has a right to a fair trial. This constitutional article is the source of specific rights due a defendant in a criminal trial: such as the right to an “impartial trial,” “to confront and cross-examine the witnesses against him,” “to present a defense,” and to “testify in his own behalf.”
State v. Lopes, 01-1383, p. 3 (La.12/7/01), 805 So.2d 124, 126 (emphasis added). See also La. Const. Art. 1, § 16.
The Louisiana Code of Criminal Procedure expressly provides in Article 718 (emphasis added):
Subject to the limitations of Article 723, and except as otherwise prohibited by law, on motion of the defendant, the court shall order the district attorney to permit or authorize the defendant, or an expert working with the defendant, to inspect, copy, examine, test scientifically, photograph, or otherwise reproduce books, papers, documents, photographs, tangible objects, buildings, places, or copies or portions thereof that are within the possession, custody, or control of the state, and that:
(1) are favorable to the defendant and that are material and relevant to *98 the issue of guilt or punishment, or
(2) are intended for use by the state as evidence at the trial, or
(3) were obtained from or belong to the defendant.
The court may determine whether evidence is subject to the provisions .of Paragraph (1) hereof by in camera inspection.
In State v. Harris, 00-3459, p. 8 (La.2/26/02), 812 So.2d 612, 617 (emphasis added) the Louisiana State Supreme Court held:
The rules of discovery are intended to eliminate unwarranted prejudice arising from surprise testimony to permit the defense to meet the State’s case, and to allow proper assessment of the strength of its evidence in preparing a defense. State v. Statum, 390 So.2d 886, 889-90 (La.1980), cert. denied, 450 U.S. 969, 101 S.Ct. 1489, 67 L.Ed.2d 619 (1981). The failure of the State to comply with discovery rules does not bring automatic reversal; rather, prejudice must be shown. State v. Sanders, 93-0001 (La.11/30/94), 648 So.2d 1272, 1281, cert. denied, 517 U.S. 1246, 116 S.Ct. 2504, 135 L.Ed.2d 194 (1996); State v. Schrader, 518 So.2d 1024, 1031-32 (La.1988). When the defendant is lulled into | ^misapprehension of the strength of the State’s case through the failure of the prosecution to timely or fully disclose and the defendant suffers prejudice, basic unfairness results which constitutes reversible error. State v. Mitchell, 412 So.2d 1042, 1044 (La.1982).
The videotape of the drug buy was crucial evidence of the crime charged, and as the majority acknowledges, was the principal basis for Defendant’s conviction. Without that videotape the State would merely have had the word of a convicted felon serving time who was trying to diminish his period of incarceration against the word of Defendant. Defendant should have been accorded ample time to prepare his defense with the knowledge that the State would be introducing a videotape of the alleged drug deal which formed the basis of the charges against him. Had Defendant known about the videotape and the identity of Handy he may have been better prepared to defend the charges. Defendant may also have considered negotiating a plea bargain with the State rather than proceeding to trial. The extreme lateness of the State’s response to Defendant’s discovery request afforded Defendant no opportunity to prepare his defense in light of such evidence. The fifteen minutes allowed by the trial judge for Defendant to consider this evidence was hardly adequate to pass constitutional muster. The failure to respond to Defendant’s discovery until right before trial greatly prejudiced Defendant in preparing his defense.
The Louisiana State Supreme Court has long held that:
[Wjhere the defendant is lulled into a misapprehension of the strength of the state’s case and suffers prejudice when the statements are subsequently introduced at trail, basic unfairness which constitutes reversible error results. State v. Boothe, 310 So.2d 826 (La.1975); State v. Hatter, 350 So.2d 149 (La.1977). Now, we stand fast to that principle that the state should not be allowed to deceive the defendant by its discovery answers; however, we feel the trial judge properly resolved the situation by his order. According to C.Cr.P. art. 729.5, in pertinent part:
“... during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Chapter or with an order issued ^pursuant to this Chapter, the court may order such party to permit discovery or inspection, grant *99 a continuance, order a mistrial on motion of the defendant, prohibit the party from introducing into evidence the subject matter mot disclosed, or enter such other order, other than dismissal as may be appropriate.”
Here, the judge promptly prohibited the state from introducing the knife in evidence and further, did not allow the parties' to refer to it in any manner.
State v. Statum, 390 So.2d 886, 890 (La., 1980), Certiorari denied 450 U.S. 969, 101 S.Ct. 1489, 67 L.Ed.2d 619 (U.S.1981). See also State v. Hooks, 421 So.2d 880, 886 (La.1988) and cases cited therein.
In State v. Mitchell, 412 So.2d 1042 (La.1982), the State Supreme Court reinforced its holdings that “the discovery rules in the Louisiana Code of Criminal Procedure are intended to eliminate unwarranted prejudice which could arise from surprise testimony [or evidence].” Mitchell, at 1044. Relying on its holding in Boothe, that the State must not be allowed to lull the defendant into a “misapprehension of the strength of the state’s case”, Id., and citing to several previous Louisiana Supreme Court decisions on the subject, the court held:
In the present case, the prosecutor received the evidence on the morning of the second day of trial. Before notifying the defendant of the evidence, the prosecutor reopened the case and questioned the victim’s mother. The State then rested and the defendant took the stand. It was not until cross-examination of the defendant had begun that the State provided defense counsel with notice of the letter and its contents.
Although the State’s failure to comply with discovery procedures will not automatically demand a reversal, if the defendant is prejudiced by the failure to disclose he is entitled to a reversal. State v. Davis, 399 So.2d 1168 (La.1981).
If the State had furnished the defendant with a copy of the letter prior to' trial or even prior to the beginning of his testimony, time to prepare a defense might have been available. Had defense counsel known of the existence of the letter earlier, it is arguable that a different trial strategy would have been employed, including the choice of not permitting the defendant to testify.
We conclude that the defendant was prejudiced by the State’s -violation of the discovery Statute. A substantial right of the |7accused, that is, the right to prepare a defense was affected. Hence, the trial judge abused his discretion in failing to grant a mistrial or prohibit the State from introducing the letter.
For the reasons assigned, defendant’s conviction and sentence are reversed and the case is remanded to the district court for further proceedings in accordance with law.
Mitchell, 412 So.2d at 1044-45(emphasis added).
The State offers no excuse or explanation for the failure to timely respond to Defendant’s discovery request and withholding the existence of such crucial evidence until the morning of trial. It cannot be gainsaid that Defendant, without the knowledge of this compelling evidence, labored under a great misapprehension of the strength of the evidence against him and was accorded no opportunity to prepare to meet this evidence in defense of the charge against him. I believe this failure by the State seriously prejudiced the accused’s substantial due process right to prepare a defense and therefore constitutes reversible error. For these reasons, I respectfully dissent.