**NOT DESIGNATED FOR PUBLICATION**

# STATE OF LOUISIANA
# COURT OF APPEAL
# FIRST CIRCUIT
## 2024 KA 0259

### STATE OF LOUISIANA

### VERSUS

### TIERRE O. RAMSEY

Judgment Rendered: _____DEC 27 2024_____

\* \* \* \* \*

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
No. 2200938

The Honorable William Scott Dykes, Judge Presiding

\* \* \* \* \*

Gwendolyn Brown
*Louisiana Appellate Project*
Baton Rouge, Louisiana

Attorney for Defendant/Appellant
Tierre O. Ramsey


Scott M. Perrilloux
*District Attorney*
Le'Anne H. Malnar
*Assistant District Attorney*
Amite, Louisiana
Jeanne Rougeau
*Assistant District Attorney*
Livingston, Louisiana

Attorneys for Appellee
State of Louisiana

\* \* \* \* \*

**BEFORE: GUIDRY, C.J., PENZATO, AND STROMBERG, JJ.**

**STROMBERG, J.**

The defendant, Tierre O. Ramsey, was charged by bill of information with possession of fentanyl or carfentanil with an aggregate weight of two grams or more but less than twenty-eight grams (count one), in violation of La. R.S. 40:967(C)(4)(b); possession of methamphetamine with an aggregate weight of two grams or more but less than twenty-eight grams (count two), in violation of La. R.S. 40:967(C)(2); and possession of cocaine with an aggregate weight of two grams or more but less than twenty-eight grams (count three), in violation of La. R.S. 40:967(C)(2). He pled not guilty and, following a jury trial, was convicted as charged. The defendant filed a motion for post-verdict judgment of acquittal, a motion for new trial, and a motion in arrest of judgment, all of which were denied. The trial court sentenced the defendant to concurrent terms of ten years at hard labor on count one, five years at hard labor on count two, and five years at hard labor on count three. The defendant filed a motion to reconsider sentence which was granted, in part, and denied, in part.[1] The defendant now appeals, designating four assignments of error. For the following reasons, we affirm the defendant's convictions and sentences.[2]

## FACTS

On November 26, 2021, Officer Henry Dejean of the Tangipahoa Parish Sheriff's Office initiated a traffic stop of a Mercedes for an illegal window tint.[3] The defendant was driving the vehicle and an unidentified male was in the passenger seat. During the traffic stop, Officer Dejean observed movement in the vehicle and

---

[1] The trial court granted the motion to reconsider sentence, in part, and amended the defendant's sentence to allow him to receive credit for time served.

[2] The State filed a habitual offender bill of information seeking to establish the defendant as a fourth-felony habitual offender after the motion for appeal was granted.

[3] Officer Dejean was employed with the Louisiana State Police at the time of trial.

2

watched the defendant hand a partially opened coin purse to the passenger. The coin purse appeared to contain cellophane bags, which Officer Dejean believed held narcotics. The defendant was thereafter handcuffed and placed in a police car while officers searched the vehicle and located the coin purse, which contained narcotics later determined to be fentanyl, cocaine, and methamphetamine.

## ASSIGNMENTS OF ERROR ONE AND TWO

In his first assignment of error, the defendant argues the trial court erred in overruling his objections to the State's late disclosure of evidence during trial. In his second assignment of error, the defendant argues the trial court erred in denying his motion for new trial on that basis. As the issues are intertwined, we will address them together.

The denial of a motion for new trial is not subject to appellate or supervisory review except for error of law. La. Code Crim. P. art. 858. The decision on a motion for new trial rests within the sound discretion of the trial judge. We will not disturb this ruling on appeal absent a clear showing of abuse. The merits of such a motion must be viewed with extreme caution in the interest of preserving the finality of judgments. Generally, a motion for new trial will be denied unless injustice has been done. See La. Code Crim. P. art. 851; **State v. Austin**, 2011-2150 (La. App. 1st Cir. 6/8/12), 2012 WL 2061531, *7 (unpublished), writ denied, 2012-1595 (La. 2/8/13), 108 So.3d 77.

Louisiana Code of Criminal Procedure article 851(B) provides five[4] specific grounds for a new trial on motion of the defendant:

(1) The verdict is contrary to the law and the evidence.

(2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error.

_____

[4] There is a sixth ground in La. Code Crim. P. art. 851 that applies to defendants who were victims of human trafficking.

3

(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.

(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment.

(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.

The defendant's motion for new trial alleged the trial court's ruling overruling his objections to the State's late disclosure of evidence, including Officer Dejean's bodycam footage from the traffic stop and photographs of the defendant, established prejudicial error necessitating a new trial. Defendant also alleged he suffered prejudicial error as a result of the trial court's denial of his motion to continue, which was based on the late disclosure of evidence. Defendant alleged the verdict was contrary to the law and evidence and that the ends of justice would be served by granting him a new trial.

The purpose of pretrial discovery procedures is to eliminate unwarranted prejudice to a defendant that could arise from surprise testimony. **State v. Mitchell**, 412 So.2d 1042, 1044 (La. 1982). Discovery procedures enable a defendant to properly assess the strength of the State's case against him in order to prepare his defense. **State v. Herron**, 2003-2304 (La. App. 1st Cir. 5/14/04), 879 So.2d 778, 787. The State's failure to comply with discovery procedures will not automatically demand a reversal. **State v. Gaudet**, 93-1641 (La. App. 1st Cir. 6/24/94), 638 So.2d 1216, 1220, writ denied, 94-1926 (La. 12/16/94), 648 So.2d 386. However, if a defendant is lulled into a misapprehension of the strength of the State's case by the State's failure to fully disclose, such a prejudice may constitute reversible error. **Herron**, 879 So.2d at 787.

Late disclosure, as well as nondisclosure, of evidence favorable to the defendant requires reversal if it has significantly impacted the defendant's opportunity to present the material effectively in their case and compromised the fundamental fairness of the trial. **State v. Ferguson**, 2015-0427 (La. App. 1st Cir. 9/18/15), 181 So.3d 120, 142, <u>writ denied</u>, 2015-1919 (La. 11/18/16), 210 So.3d 282. The impact of late disclosure of favorable evidence on the defense must be evaluated in the context of the entire record. The State's constitutional obligation to disclose exculpatory evidence does not relieve the defense of its obligation to conduct its own investigation and prepare a defense for trial as the State is not obligated under **Brady**[5] or its progeny to furnish the defendant with information he already has or can obtain with reasonable diligence. **Ferguson**, 181 So.3d at 142.

The State provided the defendant with initial discovery on September 6, 2022, and provided additional discovery on both September 16, 2022, and January 3, 2023. Trial began with jury selection on May 16, 2023, at which point the State turned over Officer Dejean's bodycam footage from the traffic stop and search of the vehicle. According to the prosecutor, the Tangipahoa Parish Sheriff's Office had not given the State the bodycam footage despite its request to do so, and the State only learned of the existence of the footage on the morning of trial. Defense counsel objected to the introduction of the evidence and moved for a continuance, both of which the trial court denied.[6, 7] The next morning, before calling its first witness, the State turned over several photographs that Officer Dejean retrieved from a public Facebook page

---

[5] **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[6] The defendant filed a writ application seeking review of the trial court's ruling. This court denied the application on the showing made. **State v. Ramsey**, 2023-0471 (La. App. 1st Cir. 5/17/23), 2023 WL 3496017 (unpublished).

[7] The defendant thereafter voluntarily absented himself during jury selection and did not return for the remainder of trial.

the night before. The photographs showed the defendant posing in front of the Mercedes with a coin purse on his person. Defense counsel again objected to the introduction of the evidence, which the trial court overruled. The trial court admitted the bodycam footage and photographs into evidence at trial, and the defendant was thereafter convicted as charged.

Louisiana Code of Criminal Procedure article 851(A) provides: "The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case *the motion shall be denied*, no matter upon what allegations it is grounded." (Emphasis added). After reviewing the record and arguments, we find the defendant failed to show an injustice has been done to him.

The defendant's argument is based on the late disclosure of Officer Dejean's bodycam footage and the Facebook photographs. He argues he was prejudiced by the introduction of the evidence as it was used to prove identity insomuch as the coin purse depicted in the bodycam footage and in the defendant's Facebook photographs appeared to be the same. Thus, according to the defendant, the evidence tended to establish he was in possession of the drugs, not the passenger. However, the evidence produced, albeit late, was admittedly inculpatory evidence, and Officer Dejean's testimony was sufficient to establish the defendant possessed fentanyl, methamphetamine, and cocaine even absent the bodycam footage. The defendant was, consequently, not overly prejudiced by the late disclosure. Regarding the photographs, Officer Dejean testified he found the photographs on a public Facebook page the night before his trial testimony. Therefore, we find the photographs were not in possession of the State and that through reasonable diligence, the defendant could have obtained the evidence on his own.

We likewise find the trial court did not abuse its discretion in denying the defense's motion for a continuance based on the untimely disclosure of the above-mentioned evidence. The decision whether to grant or deny a motion for a continuance rests within the sound discretion of the trial judge, and a reviewing court will not disturb a trial court's determination absent a clear abuse of discretion. La. Code Crim. P. art. 712; see **State v. Harris**, 2001-2730 (La. 1/19/05), 892 So.2d 1238, 1252-53, cert. denied, 546 U.S. 848, 126 S.Ct. 102, 163 L.Ed.2d 116 (2005). Even when an abuse of discretion is shown, reviewing courts typically decline to reverse a conviction based on denial of a continuance absent a showing of specific prejudice. **Id.** Accordingly, the trial court did not err in admitting the evidence or in denying the motion for new trial, and these assignments of error are without merit.

## ASSIGNMENTS OF ERROR THREE AND FOUR

In his third assignment of error, the defendant alleges his sentences are excessive, and he asserts the trial court erred in partially denying his motion to reconsider sentence in his fourth assignment of error.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. A sentence within statutory limits may still be considered excessive if it is grossly disproportionate to the seriousness of the offense, or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, the sentence shocks the sense of justice. **State v. Anderson**, 2022-0587 (La. App. 1st Cir. 12/22/22), 357 So.3d 845, 852, writ denied, 2023-00352 (La. 9/6/23), 369 So.3d 1267. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of an abuse of discretion. The sources of information relied

7

upon by the sentencing court are varied and may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay, arrest records, and conviction records. **State v. Myles**, 94-0217 (La. 6/3/94), 638 So.2d 218, 219 (per curiam); **State v. Kimble**, 2023-0176 (La. App. 1st Cir. 9/21/23), 376 So.3d 869, 875.

Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing a sentence. While the entire checklist of La. Code Crim. P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. **Anderson**, 357 So.3d at 852. The articulation of the factual basis for a sentence is the goal of La. Code Crim. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. The trial judge should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. On appellate review, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **Anderson**, 357 So.3d at 852.

The trial court sentenced the defendant to concurrent terms of ten years at hard labor on count one, five years at hard labor on count two, and five years at hard labor on count three. Therefore, the trial court sentenced him to the maximum sentence for each conviction. See La. R.S. 40:967(C)(4)(b) and 40:967(C)(2). As a general rule, maximum or near maximum sentences are to be reserved for the worst of the worst offenders and the worst offenses. **State v. James**, 2002-2079 (La. App. 1st Cir. 5/9/03), 849 So.2d 574, 586. Maximum sentences may also be imposed when

8

the offender poses an unusual risk to public safety due to his past conduct of repeated criminality. **State v. Nicholas**, 2011-0641 (La. App. 1st Cir. 11/9/11), 2011 WL 5429572, *2 (unpublished), <u>writ denied</u>, 2011-2702 (La. 4/9/12), 85 So.3d 694.

On appeal, the defendant contends the trial court failed to consider the factors under La. Code Crim. P. art. 894.1 before imposing the statutory maximum sentences for his convictions. The defendant argues the trial court did not order a presentence investigation to familiarize itself with his personal circumstances or articulate any reasons prior to sentencing. Finally, the defendant points out the trial court initially declined to give him credit for time served based on his decision to go to trial.[8] We find that while the defendant's arguments have some merit, the record supports the sentences imposed.

At sentencing, the State called the case and indicated it would be filing a habitual offender bill of information against the defendant, noting "he's over a four time convicted felon." The trial court read aloud the sentencing provision for each conviction, then immediately imposed the maximum sentence for each and denied the defendant credit for time served. Although we agree the trial court failed to articulate the aggravating and mitigating circumstances, we find a factual basis for the sentences imposed is apparent from the record. As noted, where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. **Anderson**, 357 So.3d at 852.

Additionally, maximum sentences were warranted in this case. Maximum sentences may be imposed for the most serious offenses and the worst offenders or

---

[8] The trial court specifically said: "He went to trial. It's my decision on whether or not he gets credit for time served. I'm not giving him credit for time served on it." As the defendant correctly argued, La. Code Crim. P. art. 880(A) mandates defendants receive credit toward service of the sentence for time spent in actual custody prior to the imposition of sentence.

9

when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. **Nicholas**, 2011 WL 5429572 at *2. The defendant is one of the most serious offenders, because he is a repeat offender with a prior drug conviction and prior convictions for crimes of violence. The defendant has failed to show the trial court abused its discretion in sentencing him to the maximum sentences. The sentences imposed neither shock the sense of justice nor are they disproportionate to the severity of the offenses. On appellate review, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **State v. Cook**, 95-2784 (La. 5/31/96), 674 So.2d 957, 959 (per curiam), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). Therefore, we find the trial court did not abuse its discretion in sentencing the defendant to the maximum sentences as his sentences are supported by the record.

## **PATENT ERROR**

Pursuant to La. Code Crim. P. art. 920(2), this court routinely conducts a review of all appeals for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. **State v. Anthony**, 2023-0117 (La. App. 1st Cir. 11/3/23), 378 So.3d 766, 775, writ denied, 2024-00027 (La. 5/21/24), 385 So.3d 242. After a careful review of the record, we have found one patent error.

The transcript reflects the trial court failed to advise the defendant of the prescriptive period for filing an application for post-conviction relief. Louisiana Code of Criminal Procedure article 930.8(C) directs the trial court to inform the defendant of the prescriptive period for filing an application for post-conviction relief at the time of sentencing. See **State v. LeBoeuf**, 2006-0153 (La. App. 1st Cir. 9/15/06), 943 So.2d 1134, 1142, writ denied, 2006-2621 (La. 8/15/07), 961 So.2d

10

1158. Nevertheless, the trial court's failure to advise the defendant of the prescriptive period has no bearing on the sentences and is not grounds to reverse the sentences or remand for resentencing. Out of an abundance of caution and in the interest of judicial economy, we advise the defendant La. Code Crim. P. art. 930.8 generally provides that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. Code Crim. P. arts. 914 or 922. **LeBoeuf**, 943 So.2d at 1142-43.

Accordingly, we affirm the defendant's convictions and sentences.

**CONVICTIONS AND SENTENCES AFFIRMED.**